JuanJose Martinez-Madera  A 14-647-093  Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739

**FILED**
NOV 26 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF :

JUANJOSE MARTINEZ-MADERA,   A 14-647-093   )
  (Petitioner, Plaintiff)    (In Pro Se)    )
                                            )
              Vs.                           )
                                            )
MICHAEL CHERTOFF, Secretary of the Department of  )
Homeland Security; MICHAEL B. MUKASEY, Attorney   )
General; JULIE L. MYERS, Assistant Secretary, United States  )
Board of Immigration and Customs Enforcement (BICE); ROBIN  )
BAKER, Director, San Diego ICE-Field Office District Director;  )
ROBERT G. RILLAMAS, Assistant ICE-Field Office Director-  )
El Centro; JOEL MATA, Supervisor of Detention and  )
Deportation Officers-El Centro Processing Center,  )
        **Defendants – Respondents**     )
_____)

November 4, 2007

Civil File
'07CV 2237 JLS WMc

Case No.

MOTION FOR
APPOINTMENT OF COUNSEL

STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

I, Petitioner, JuanJose Martinez-Madera, pursuant to U.S.C. § 1915 18 U.S.C § 3006A humbly requests and moves this Court for an order appointing counsel to represent him in his Writ of Habeas Corpus Petition when and if it is accepted **AND** **if** it is <u>opposed by the government</u> for the following reasons:

1. This habeas action was prepared with an eye towards seeking for the court to declare it a class action lawsuit **if** it is opposed by the government for the reason that:
2. There are many other detainees in the same predicament as instant petitioner that need exactly this same form of relief also.
3. Petitioner will be unable to effectively articulate and state his claims through a **(pro-se)** action in light of his being laws, court proceedings & requirements ignorant and needs lots of help in negotiating the legal maze in front of him, to him, a daunting task He put together his Writ of Habeas Corpus w/lots of help from his acquaintances taking them all an inordinate amount of time to do it in.

Petitioner humbly asks this Court to "evaluate the ability of petitioner to articulate his claims **pro se** in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983), accord. *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997).

To weigh the petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [petitioner]'s ability to articulate his claims against the relative complexity of the matter." *Rand v. Rowland* 113

JuanJose Martinez-Madera A 14-647-093 Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739

F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedure,… [or] if an evidentiary hearing is required." *Weygandt v. Look* 718 F.2d at 954 which might just be the case if accepted as a class-action lawsuit.

Habeas Corpus proceedings "are of fundamental importance… in our constitutional scheme because they directly protect our most valued rights." **Brown v. Vasquez,** 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting **Bonds v. Smith**, 430 U.S. 817, 827 (1977)) (citing and internal quotations omitted). Consequently, federal law permits a district court to appoint counsel in habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," in instant motion, petitioner has shown that he is unable to afford an attorney. 18 U.S.C. § 3006 A (a)(2)(B). To make this decision, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983), accord. *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997).

    4. Petitioner is indigent and has ($00.00) in his account at the El Centro Processing Center (ECPC). See Fee Waiver Form attached to his motion to proceed *In Forma Pauperis* accompanying this petition. Since he is in custody, he does not have a source of income or employment. As a result, petitioner cannot otherwise afford to retain counsel for the litigation of this instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 if the government decides to oppose his Writ of Habeas Corpus, thus, the appointment of counsel is appropriate.[1]

---

[1] In identical habeas corpus proceedings, the Honorable Roger T. Benitez of the United States District Court for the Southern District of California has appointed the Federal Defenders of San Diego, Inc. as counsel of record for a similarly-situated petitioner. ***Casas-Castrillan v. Department of Homeland Security***. Case No. 05-CV1552-Ben (NLS) (S.D. Cal. Jan.31, 2006). Likewise, the Honorable Irma E. Gonzalez appointed counsel in *Hanna v. I.N.S*. Case No. 01CV0382-IEG (JFS) (S.D. Cal. Apr.26, 2001). The Honorable Napoleon A. Jones has appointed the Federal Defenders of San Diego, Inc., based upon the petitioners' financial eligibility, their likelihood of success on the merits of the habeas petition, the complexity of the legal issues involved in the habeas action, the petitioners' lack of education and limited proficiency in English, and the need for assistance in obtaining discovery from federal immigration officials. See *Chaydy v. I.N.S.* Case No. 00CV1687-J (JAH) (S.D. Cal. Sept. 1, 2000). Other judges in the United States District Court for the Southern District of California have made similar appointments See *Aphayavong v. I.N.S,* Case No. 00CV0804-J (LAB) (S.D. Cal. June 22, 2000); See also *Gebru v. I.N.S*. Case No. 01CV0625-JM (POR) (S.D. Cal. Jul. 11, 2001) *Sahagian v. I.N.S*, Case No. 01CV066-BTM (RBB)(S.D. Ca. May 18, 2001); *Cao v. I.N.S.* Case No. 00CV1991-L (JAH) (S.D. Cal. Oct. 10, 2000).

JuanJose Martinez-Madera  A 14-647-093  Detained at ICE–El Centro Detention Facility  1115 North Imperial Ave. El Centro, Cal. 92243-1739

5. Petitioner is highly likely to succeed on the merits of his immigration case, because he is not fighting a regular case but a derivative citizenship claim but, we (my acquaintances & I) are **not** lawyers nor we know much about the laws or court proceedings as you can see by what we have done and submitted here. It's done, although, not very well as you can tell, thus, the special need of a lawyer's help is very much needed and warranted, especially for doing those things that cannot be done from detainment like asking defendants to provide other detainees information and even some of my own that I might need as a matter of fact and/or procedure.

6. Petitioner's Writ of Habeas Corpus is also meritorious and is highly likely to succeed on its merits.

7. From what is understood, a class-action Habeas Corpus lawsuit has already been filed in the Federal Central District Court (in Los Angeles) unfortunately, I, like many other detainees here, am not a member of that class-action because I (we), do not reside in the Central District's jurisdiction, therefore, since I (we), belong in the Southern District Court's jurisdiction, 1) Venue is proper in this, U.S. Southern District Court and 2) If no one has filed for a class-action lawsuit yet, I'd like to be the first one to be able to do so and include as part of the class-action all other detainees similarly situated in this Southern district.

Wherefore, due to the above reasons and points, petitioner respectfully requests and moves this Court that his 1) Motion for Appointment of Counsel and 2) Motion to Proceed in Forma Pauperis be granted.

Thank you for any help provided.

Dated this: <u>November 4, 2007</u>                            Sincerely and Respectfully Submitted,

   A 14-647-093                                       JuanJose Martinez-Madera

*tuesday November 20, 2007*  _____

   Petitioner (In Pro Se)                              Petitioner's Signature