# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE MARTINEZ-MADERA,<br><br>         Petitioner,<br><br>  vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; MICHAEL B. MUKASEY, Attorney General; JULIE L. MYERS, Assistant Secretary, Board of Immigration and Customs Enforcement (ICE); ROBIN BAKER, San Diego ICE-Field Office District Director; ROBERT G. RILLAMAS, Assistant ICE District Director–El Centro Field Office; JOEL MATA, Supervisor of Deportation Officers, El Centro Processing Center,<br><br>         Respondents. | CASE NO. 07CV2237 JLS (WMc)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL, (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, and (3) DIRECTING RESPONDENTS TO SHOW CAUSE**<br><br>(Doc. Nos. 2-3) |

  On November 26, 2007, petitioner Juan Jose Martinez-Madera ("petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asks the Court to remedy his detention for more than three years in the custody of the United States Immigration and Customs Enforcement (ICE). Petitioner also moves for appointment of counsel (Doc. No. 2) and to proceed in forma pauperis (Doc. No. 3).

//

# MOTIONS

## A. Appointment of Counsel

Petitioner requests the appointment of counsel to assist him in prosecuting his § 2241 petition because he has little legal experience; lacks the financial wherewithal to obtain representation; and, given the complexity of the issues raised, cannot adequately address the issues raised in the petition. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Under 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances" or in the "interests of justice." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Considering both issues, the Court denies the motion for appointment of counsel without prejudice. Petitioner adequately articulates the legal claims in his own case, citing the relevant authorities from the Supreme Court and Ninth Circuit, and directing the Court's attention to similar petitions filed in this district and the Central District. Although petitioner alludes to the possibility of seeking class certification—a procedural maneuver that would make the legal issues considerably more complex—the current posture of the case is a petition for a writ of habeas corpus in petitioner's individual case. Furthermore, the Court finds that petitioner has not yet shown a likelihood of success. Petitioner explains that ICE has kept petitioner in detention because he is, inter alia, a "danger to the community." (Petition, at 1:36—2:1.) Although petitioner argues that ICE has failed to consider the facts of his individual case, petitioner also concedes that he was charged with premeditated murder involving his second wife. (Id. at 15:35—16:6.)

## B. Proceed In Forma Pauperis

Claiming to have no assets, petitioner moves to proceed in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of this action without petitioner's payment of the filing fee. Here, however, petitioner paid the $5 filing fee. Therefore, the motion to proceed IFP is denied as moot.

**ORDER TO SHOW CAUSE**

Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition is unwarranted. See <u>Kourteva v. Immigration & Naturalization Serv.</u>, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") Accordingly, respondents are ordered to show cause why the petition should not be granted by:

(1)    filing a written return no later than <u>January 4</u>, <u>2007</u>.

(2)    filing copies of all documents, orders and transcripts relevant to the petition; and

(3)    filing a memorandum of law and fact fully stating respondents' position and making a recommendation regarding the need for an evidentiary hearing on the petition.

If petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than January 25, 2007.

**CONCLUSION**

The Court **DENIES WITHOUT PREJUDICE** petitioner's motion for appointment of counsel. The Court **DENIES AS MOOT** petitioner's motion to proceed <u>in forma pauperis</u>. Respondents **SHALL COMPLY** with the provisions of the Order to show cause.

IT IS SO ORDERED.

DATED: December 5, 2007

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge