1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   880 Front Street, Room 6293
4  San Diego, California 92101-8893
   Telephone: (619) 557-7157
5

6  Attorneys for the Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN JOSE MARTINEZ-MADERA, | ) | Civil No. 07 cv 2237 JLS (WMc) |
| | ) | |
| Petitioner, | ) | GOVERNMENT'S RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL B. MUKASEY, United States Attorney General, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## I. INTRODUCTION

Petitioner, Juan Jose Martinez-Madera, an alien subject to a final order of removal, seeks release from Department of Homeland Security custody ("DHS"). Petitioner argues that his detention is unlawful, and the Court should order his release. Petitioner has completed his administrative removal proceedings and obtained a stay of removal from the Ninth Circuit pending judicial review of his removal order. Accordingly, Petitioner's request for release should be denied because detention is voluntary when an alien requests a stay of removal pending a judicial appeal. Cruz-Ortiz v. Gonzales, No.06-55654, 2007 WL 580670 (9th Cir. Feb. 22, 2007) (unpublished) (copy attached as Ex. I.). Moreover, Petitioner is not entitled to release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005) or Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), because his removal is reasonably foreseeable, his detention is not indefinite, and he is detained pursuant to DHS's discretionary authority pending judicial review by the Ninth Circuit.

## II. STATEMENT OF FACTS

Petitioner Martinez-Madera, a native and citizen of Mexico, was admitted to the United States on September 22, 1965 as a lawful permanent resident. [Ex. A.] On October 25, 1996, Petitioner was convicted of violating Sections 664(a), 187, and 189 of the California Penal Code for the attempted murder of his ex-wife. [Ex. B.] He was sentenced to seven years in prison with a four year enhancement. [Id.]

On September 8, 2005, Immigration and Customs Enforcement ("ICE"), an investigative branch of DHS, initiated removal proceedings against Petitioner by issuing a Notice to Appear in removal proceedings. [Ex. A.] ICE charged Petitioner with deportability pursuant to 8 U.S.C. § 1227 (a)(2)(A)(iii), as an alien convicted of an aggravated felony. [Id.] Due to his criminal convictions, ICE held Petitioner in mandatory custody pursuant to 8 U.S.C. § 1226(c) pending removal proceedings before the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA"). [Ex. C.] On February 21, 2006, at the conclusion of his merits hearing, the Immigration Judge ("IJ") denied Petitioner's motion to terminate proceedings and claim of derivative citizenship. The IJ then ordered Petitioner removed to Mexico. [Ex. D.] Petitioner appealed the IJ's decision to the BIA. [Ex. E.] On May 30, 2006, the BIA upheld the IJ's decision and dismissed Petitioner's appeal. [Id.] Therefore, as

of May 30, 2006, Petitioner's removal order became administratively final.

However, on June 20, 2006, Petitioner petitioned for review to the United States Court of Appeals for the Ninth Circuit. [Ex F.] Petitioner simultaneously requested and received a stay of removal with the Ninth Circuit. See Ninth Circuit General Order 6.4(c). Petitioner's appeal is currently awaiting a decision from the Ninth Circuit. On September 1, 2006, and September 27, 2007, DHS conducted custody reviews pending proceedings before the Ninth Circuit and determined that Petitioner should remain in detention because he is both a flight risk and a danger to the community. [Exs. G-H.]

### III. ARGUMENT

#### A. DETENTION PENDING JUDICIAL REVIEW IS VOLUNTARY

The Ninth Circuit recently stated that a petitioner is being "voluntarily detained" pending judicial review of a final removal order when he requests and obtains a stay of removal. Cruz-Ortiz, 2007 WL 580670 at *1 ("appellant is being voluntarily detained--upon his requested stay of removal--pending appeal of his final removal order"). Detention is voluntary because the petitioner may choose to prosecute the petition for review from outside the United States. Removal or other departure from the United States does not constitute abandonment of the appeal or otherwise render the appeal moot. See Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1171 (9th Cir. 2003) ("Even if a petition for review is filed, IIRIRA permits the INS to remove aliens without delay after an unfavorable BIA decision, and it allows aliens to continue their cases from abroad.").

The Ninth Circuit's view is consistent with its decisions in Tijani and Nadarajah because an alien may not pursue a defense from outside the United States during administrative proceedings. See 8 U.S.C. § 1229(b)(5). Thus, the Ninth Circuit ruled in those cases that it is unreasonable to continue to detain an alien pursuant to mandatory detention provisions during extraordinary delays in administrative proceedings. However, the Ninth Circuit recognized in Cruz-Ortiz that a petitioner is statutorily permitted to pursue his petition for review of a removal order from outside the United States and therefore, the detention is attributable to the petitioner, not to DHS. See 8 U.S.C. § 1252(b)(3)(B) & (b)(8)(C); see also Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir. 2004) ("We may entertain a petition after the alien has departed") (citing Zazueta-Carrillo, 322 F.3d at 1171).

Moreover, decisions from this district have recognized that detention is voluntary pending

1  judicial review.  In Valdez v. Chertoff, No. 06cv2184 JAH, slip op. at 4-5 (S.D. Cal. Aug. 22, 2007)
2  (copy attached at Ex. J), the Court found that a petitioner's detention is voluntary pending judicial
3  review where the continued detention is a direct result of petitioner's own choice to remain in custody
4  rather than pursue an appeal from abroad.  Id.; see also Arteaga v. Gonzales, No. 07cv1626 BEN, slip
5  op. at 3-5 (S.D. Cal. Nov. 13, 2007) (copy attached at Ex. K) (holding that petitioner's detention is
6  voluntary pending resolution of his or her petition of review at the Ninth Circuit).  Similarly here,
7  Petitioner has not presented any evidence that he cannot pursue his petition for review from his home
8  country of Mexico.  Significantly, Petitioner has not alleged that he will suffer harm or hardship by
9  pursuing his appeal from his homeland.  See Andreiu v. Ashcroft, 253 F.3d 477, 484 (9th Cir. 2001).

10       Further, Petitioner's only viable defense in his removal proceedings and in his petition for review
11  is his derivative claim to U.S. citizenship.  However, Petitioner may pursue this claim to U.S. citizenship
12  from Mexico by simply filing a passport application with the U.S. consulate in Mexico, whether or not
13  Petitioner pursues an appeal in his removal proceedings.  See 22 U.S.C. § 211a (Authority to grant,
14  issue, and verify passports); see also 8 U.S.C. § 1503(b)(authority granting person right to apply for
15  certificate of identity from foreign country ). Likewise, he could apply for a certificate of citizenship,
16  regardless of whether he has ever been removed from the United States.  See 8 U.S.C. § 1452(a);
17  8 C.F.R. § 341.1; Garcia-Izquierdo v. Gartner, 2004 WL 2093515, *2 (S.D.N.Y. Sep. 17, 2004) ("A
18  person residing abroad may apply for a declaration of citizenship by submitting an N-600. . . and a final
19  removal order has no bearing on an alien's ability to apply for a certificate of citizenship")(citing Ewers
20  v. I.N.S., No. 03Civ.104, 2003 WL 2002763, *2 (D. Conn. Feb. 28, 2003)).

21       Finally, both the IJ and BIA considered and rejected Petitioner's argument that he derived
22  citizenship from his stepfather on the basis that he failed to meet the burden of establishing U.S.
23  Citizenship.  Petitioner has presented no compelling argument to this Court that the Ninth Circuit is
24  likely to reverse the well-reasoned opinions of the IJ and the BIA.  See I.N.S. v. Elias-Zacarias,
25  502 U.S. 478, 481 (1992) (to reverse the administrative factual determination under the "reasonable
26  adjudicator" standard, the Court "must find that the evidence not only supports [a contrary] conclusion,
27  but compels it. . . .") (emphasis in original).  Accordingly, Petitioner's detention pending judicial review
28  is voluntary and he is not entitled to habeas relief.

### B. PETITIONER IS NOT ENTITLED TO RELEASE BECAUSE HIS REMOVAL IS REASONABLY FORESEEABLE

Even if the Court finds that Petitioner's detention is not voluntary, Petitioner is not entitled to release because his removal is reasonably foreseeable in the near future. Petitioner contends that he should be released pursuant to Zadvydas v. Davis. [Pet. at 3, 8-9.] However, because Petitioner's own actions have prevented removal and his removal is reasonably foreseeable, Zadvydas does not apply to the case at hand.

In Zadvydas, the Supreme Court held that an alien who had been in custody for more than six months after his removal order had become final could seek release, but only upon a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Procedurally, after the six-month period has expired, the Court held that the ICE can continue to detain an alien beyond six months, unless the "alien provides good reason to conclude there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701 (emphasis added). As the Ninth Circuit has recently emphasized, "Zadvydas places the burden on the alien to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting Zadvydas, 533 U.S. at 701).

Here, Zadvydas does not apply because Petitioner's removal period specified by § 1231(a)(1) cannot commence until the completion of his pending judicial review or a vacatur of his stay of removal.[1] However, apart from the fact that this is not a post-removal-period case, Petitioner's judicial review has a finite duration and thus his removal is reasonably foreseeable. See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004) (explaining that "detention is clearly neither indefinite nor potentially permanent . . . it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point"). The only factor preventing Petitioner's removal

---

[1] The removal period begins on the latest of the following:
(I) The date the order of removal becomes administratively final.
(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
8 U.S.C. § 1231(a)(1)(B)(emphasis added).

1  is a stay of removal issued by the Ninth Circuit pending the outcome of his petition for review.

2  Courts have frequently recognized that litigation efforts that stymie removal efforts toll the permissible detention periods set forth under <u>Zadvydas</u>. <u>See, e.g.</u>, <u>Guang v. I.N.S.</u>, 2005 WL 465436 (E.D.N.Y. Feb. 28, 2005) (rejecting application of Zadvydas where petitioner pursued litigation and stays with the administrative courts, Second Circuit, and district court and holding that his own actions of pursuing the stays resulted in his prolonged detention); <u>see also</u> <u>Lawrence v. Gonzales</u>, 446 F.3d 221, 227 (1st Cir. 2006) (rejecting <u>Zadvydas</u> claim because alien's "continued detention here occurred pursuant to his own procuring of stays incident to his legal challenges to the removal order ...."); <u>Abimbola v. Ridge</u>, 2005 WL 588769 *2-3 (Mar. 7, 2005 D. Conn.) motion for reconsideration denied, 2005 WL 2663075 (October 15, 2005), <u>aff'd</u>, 2006 WL 1408375 (2d Cir. May 18, 2006) (noting that "but for...[alien's] seeking and/or receiving numerous judicial stays and filing his numerous petitions for reconsideration and appeals,...[alien] could have been speedily deported...."). Here, Petitioner's continued pursuit of his petition for review is merely an effort to stall his inevitable removal. As discussed above, Petitioner has not presented compelling evidence that the Ninth Circuit is likely to reverse the well-reasoned opinions of the IJ and BIA. <u>See</u> discussion <u>supra</u> Part. III.A. Moreover, Petitioner may acquiesce to removal and pursue his appeal from his homeland. <u>See</u> <u>Zazueta-Carrillo</u>, 322 F.3d at 1171. Accordingly, Petitioner is not entitled to release where his removal is foreseeable.

  C.  <u>TIJANI AND NADARAJAH DO NOT ENTITLE PETITIONER TO RELEASE</u>

    1.  <u>Petitioner is Not Entitled to Release Where Detention is Not Indefinite</u>

Petitioner alleges in his petition that he is entitled to release under the Ninth Circuit's decisions <u>Tijani</u> and <u>Nadarajah</u>. However, <u>Tijani</u> and <u>Nadarajah</u>, which involved aliens in mandatory detention pending prolonged administrative proceedings, are mere extensions of <u>Zadvydas</u>. Accordingly, Petitioner is not entitled to release because Petitioner's detention pending resolution of his petition for review is not indefinite. In <u>Nadarajah</u>, the Ninth Circuit applied the <u>Zadvydas</u> standard and decided the alien was entitled to release based on circumstances very different than those present here. The Ninth Circuit observed that in the post-order removal decision in <u>Zadvydas</u>, the Supreme Court had "construed the statute [§1231] to permit detention only while removal remained reasonably foreseeable." <u>Nadarajah</u>, 443 F.3d at 1076-77. Extending this ruling, the Ninth Circuit applied the same test to an

alien who had sought admission at the border on grounds of an asylum application and held that the general immigration statutes do not authorize indefinite detention and any detention pursuant to these statutes must be analyzed under the Zadvydas standard. Id. at 1078.

The Ninth Circuit's decision in Tijani predates Nadarajah and did not undertake, as did Nadarajah, to apply the specific Zadvydas test to the circumstance of an alien seeking release while pursuing an appeal. Tijani, who had been in custody for two years and eight months, was pursuing a circuit court appeal of a BIA affirmed removal order. Tijani, 430 F.3d at 1250 (Callahan, J., dissenting). The full import of Tijani is not readily discerned because it consists of a three paragraph opinion plus concurring and dissenting opinions. The main opinion simply stated, without significant analysis, that "it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." Id. at 1242.

In Tijani, it took the IJ seven months to reach his decision and the BIA another thirteen months to affirm and there were no delays attributed to the petitioner. Tijani, 430 F.3d at 1246 (Tashima, J., concurring). Similarly, the alien in Nadarajah had been detained for five years, had never been ordered removed, and had indeed "won relief at every administrative level . . . ." 443 F.3d at 1081. The appellate court held that it was unlikely that Nadarajah would be removed in the reasonably foreseeable future because of his success at every administrative level and in so doing had "won relief denied 98% of applicants [for asylum] . . . a powerful indicator of the improbability of his foreseeable removal, by any objective measure." Id. Further, the alien had received withholding of removal, which the government did not contest. Id. In these circumstances, "Nadarajah has established that there is no significant likelihood of his removal in the reasonably foreseeable future." Id.

While referencing Zadvydas, the three Tijani opinions did not, as did Nadarajah, distill and apply the basic Zadvydas test to the circumstance of an alien in immigration proceedings. Nadarajah, as set forth above, held that under "the general immigration statutes" detention could continue only "while removal remains reasonably foreseeable" and that after a six month period of detention a court could consider release "'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" 443 F.3d at 1078 (quoting Zadvydas, 533 U.S. at 701). In short, Nadarajah appears to have refined that court's detention analysis and held

1  that it is not merely the length of time that an alien has been held, but the likelihood of removal in the
2  foreseeable future that must be considered in assessing a release request. "By any analysis, a five-year
3  period of confinement of an alien who has not been charged with any crime, and who has won relief at
4  every administrative level, is unreasonable under the standard set forth by the Supreme Court." Id. at
5  1081.

6  By contrast, the Petitioner in the case at bar did not win relief at any level of review, is subject
7  to a final removal order, and completed administrative proceedings almost two years ago.  Petitioner
8  was also convicted of the violent crime of attempted murder. [Ex B.] Further, unlike Nadarajah, ICE
9  conducted several custody reviews that determined that Petitioner should not be released because he
10 poses a significant flight risk and danger to the community. [Id.]  Moreover, unlike Tijani and
11 Nadarajah, it is Petitioner's decision to remain in detention pending a decision on his petition for review
12 that has prolonged Petitioner's current detention.

13 Significantly, several courts, including this district, have concluded that pendency of a petition
14 for review does not render removal unforeseeable or detention indefinite. See Soberanes, 388 F.3d at
15 1311 ( recognizing that detention pending judicial review is not indefinite but rather has a definite
16 impending termination point once a decision is issued); Hussain v. Mukasey, 510 F.3d 739, 743 (7th Cir.
17 2007) (recognizing that detention prior to the initiation of removal under Section 1231(a)(2), including
18 pending judicial review, is not indefinite); Arteaga, No. 06cv1626-BEN, slip op. at 6-7(recognizing that
19 detention pending judicial review is not indefinite because once the Ninth Circuit issues a decision,
20 Petitioner will either be released or removed); Supnet v. Gonzales, No. 06cv2189-JAH, slip op. at 3-4
21 (S.D. Cal. Aug. 29, 2007) (order denying Petition for Writ of Habeas Corpus) (copy attached as
22 Ex. L)(same); Verdugo-Gonzalez v. Ridge, No.07cv0402-LAB, slip op. at 5-6 (S.D. Cal. Jan. 17, 2008)
23 (order denying Writ of Habeas Corpus) (copy attached as Ex. M) (same); Middleton v. Clark, No. C06-
24 1324RSM, 2007 WL 1031725 at *6-7 (W.D. Wash., Apr. 2, 2007) (same); Mboussi-Ona v. Crawford,
25 No. 06-02897-PHX-NVW, 2007 WL 3026946 (D.Ariz. Sept. 27, 2007) (holding that Tijani does not
26 apply where detention is a result of normal judicial appeal time). Similarly here, the only factor that
27 prevents the Government from implementing Petitioner's removal is the stay of removal granted by the
28 Ninth Circuit. As discussed above, Petitioner may acquiesce to removal and pursue his appeal from his

homeland. See discussion supra Part. III.C. Accordingly, Petitioner's detention has a definite end point, as this concept has been applied by the courts, and is not entitled to release under Tijani and Nadarajah.

### 2. Tijani and Nadarajah Do Not Apply Where Administrative Hearings are Complete, Their Length was Reasonable, and Detention Pending Judicial Review is not Attributable to the Government

The Ninth Circuit decisions in Tijani and Nadarajah also do not apply to the case at hand because those decisions apply only to mandatory detention pending prolonged administrative removal proceedings. In contrast, Petitioner's proceedings were completed on May 30, 2006, their length was reasonable, and he is currently detained pursuant to DHS's discretionary detention authority. Both Tijani and Nadarajah, involved petitioners subject to mandatory detention pending the administrative stage of removal proceedings,[2] and those proceedings were unusually prolonged. There is nothing in the Tijani and Nadarajah decisions which suggests that the Ninth Circuit attributes the amount of time needed to adjudicate a petition for review to DHS, and, as discussed above, the Ninth Circuit has acknowledged in Cruz-Ortiz that detention pending judicial review is voluntary.

A recent decision supports the proposition that the Tijani standard of expeditious proceedings should not apply to detention pending judicial review. In Mboussi-Ona v. Crawford, the petitioner sought habeas relief on the basis that his detention pending judicial review was unreasonably prolonged. 2007 WL 3026946 (D.Ariz. Sept. 27, 2007). The district court reasoned that the Tijani "expedited" standard cannot apply where the administrative proceedings were reasonable and any continued detention is a result of "normal judicial appeal time." See Mboussi-Ona, 2007 WL 3026946 at *4-5. In refusing to apply the Tijani "expedited" standard to cases where continued detention has been the result of judicial appeal time, the district court reasoned that:

> If the Tijani gloss applies in this manner, then every judicial appeal will exceed this "expedited" standard. This would mean that by merely seeking judicial review, every alien found removable would be entitled to an individualized bond hearing and possible release...A rule creating a universal right to an individualized bond hearing merely by seeking judicial review would bring the art of delay to perfection...In this case, however, where the only relevant detention is during normal judicial review, such constitutional problems are attenuated.

---

[2] See 8 C.F.R. § 1236.1(c)(1)(I) (" Section 1226(c) applies only "during removal proceedings"). See also Demore, 538 U.S. at 513, 517-18, 527-28 (limiting its examination to the average duration of proceedings before the IJ and the BIA and holding that "Section 1226(c) mandates detention during removal proceedings. . .") (emphasis added).

1 Id. at *5. Similarly here, Tijani should not apply to Petitioner's detention pending resolution of his
2 judicial appeal. While Petitioner's judicial proceedings have been ongoing since late 2005, there has
3 been no unreasonable delay by the Government during the appellate process and the majority of delay
4 is a result of Petitioner's request to submit the case to mediation. [Ex. F.] Moreover, the Petitioner
5 appears to have requested several extensions of time to file briefs in this matter, while the Government
6 did not request a single extension of time. [Id.] As the Court noted in Mboussi-Ona, a petitioner "cannot
7 complain about delay from his own extensions." Mboussi-Ona, 2007 WL 3026946 at *5.

8 Further, Petitioner's case is distinguishable from both Tijani and Nadarajah because the length
9 of his administrative proceedings was reasonable. Here, the IJ entered his removal order five months
10 after the initiation of proceedings, and the BIA affirmed the IJ within three months. [Exs. D-E.]; cf.
11 Demore v. Kim, 538 U.S. 510, 529 (2003) (noting that Kim "was detained for somewhat longer than the
12 average [of 47 days], . . . but himself had requested a continuance of his removal proceedings").
13 Moreover, any habeas claim for prolonged administrative proceedings is now moot because Petitioner
14 failed to seek habeas relief during proceedings. See Hussain, 510 F.3d at 743 ("By delay in seeking
15 habeas corpus he [Petitioner] allowed his case for release pending the completion of the proceedings
16 to become moot."). Accordingly, Petitioner is not entitled to release or a bond hearing because
17 Petitioner's detention during the administrative process did not offend due process, his continued
18 detention following a final order of removal is a result of judicial appeal time, and the Government has
19 not unreasonably delayed during the appellate process. See id.

20 Finally, Tijani and Nadarajah do not apply because Petitioner is currently detained pursuant to
21 DHS's discretionary detention authority until the "removal period" commences,[3] at which time
22 detention will become mandatory pursuant to 8 U.S.C. § 1231(a)(2). Cf. 8 C.F.R. §§ 1236.1((c)(1)(I)
23 (mandatory detention applies only "during removal proceedings"); 1003.19(a) (the IJ's authority to

---

[3] Alternatively, the discretionary detention may be found in 8 U.S.C. § 1226(a)(1). Specifically, Section 1226(a)(1) grants general detention authority to DHS "pending a decision on whether the alien is to be removed from the United States." See 8 U.S.C. § 1226(a)(1). The "decision" is not final until all administrative and judicial proceedings have been completed. See 8 C.F.R. § 1003.19(a) (the IJ's authority to review bond decisions exists only until the removal order becomes final). Accordingly, Section 1226(a)(1) grants DHS discretionary detention authority pending any final decision on the alien's removal, including a decision by the Circuit Court. See Middleton, 2007 WL 1031725, at *6-7 (finding that petitioner is subject to discretionary detention under Section 1226(a)(1)).

1  review bond decisions exists only until the removal order becomes final). Pursuant to this discretionary

2  detention authority, ICE continues to conduct periodic custody reviews to determine whether Petitioner

3  should be released pending a decision on his petition for review.[4/] [Exs. G-H.] Regardless of the

4  statutory authority granting discretionary detention, it is clear that Petitioner was no longer subject to

5  mandatory detention under Section 1226(c) once the removal order became administratively final.[5/]

6        Therefore, apart from whether Petitioner's detention is voluntary, the Court should not extend

7  Tijani and Nadarajah to detention pending judicial review because such detention is not attributable to

8  the Attorney General or DHS as the administrative proceedings have been completed.

## IV.  CONCLUSION

For the reasons set forth above, the Petition should be denied.

Dated: February 1, 2008            Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Raven M. Norris
RAVEN M. NORRIS
Assistant U.S. Attorney
Attorneys for Respondents
Email: raven.norris@usdoj.gov

---

[4/]  To the extent Petitioner challenges DHS's periodic bond decisions, these are discretionary and beyond the scope of habeas review. See 8 U.S.C. § 1226(a)(2)(A) (DHS or the Attorney General "may release the alien on . . . bond") (emphasis added); 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review") (emphasis added). If the Court were to conduct a review of DHS's bond determination that Petitioner presents a poor bail risk, the Government would seek an opportunity, either through supplemental briefing or in an evidentiary hearing, to present evidence that there is substantial evidence to support DHS's determination. See, e.g., Dickinson v. Zurko 527 U.S. 150 (1999) ("A reviewing court reviews an agency's reasoning to determine whether it is "arbitrary or capricious" or, if bound up with a record-based factual conclusion, to determine whether it is supported by "substantial evidence").

[5/]  Numerous other courts have acknowledged that a petitioner is not mandatorily detained pending a petition for review. See Arteaga, No. 07cv1626 BEN, slip op. at 5; De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003) (Petitioner "is being detained now pursuant to . . . INA § 1231(a), which controls the detention and removal of an aliens subject to a final removal"); Kayrouz v. Ashcroft, 261 F. Supp. 2d 760 (E.D. Ky. 2003) (aliens seeking judicial review of final order of removal are detained under INA § 241);Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (judicial stay interrupted removal period pursuant to INA § 241(a)(1)(C)); Kayrouz v. Ashcroft, 261 F. Supp. 2d 760 (E.D. Ky. 2003) (aliens seeking judicial review of final order of removal are detained under INA § 241); Fahim v. Ashcroft, 227 F. Supp. 2d 1357 (N.D. Ga. 2002) (following Akinwale); Bermudez v. Gonzalez, No. CV F 07-00807, 2007 WL 2913938 (E.D. Cal. Oct. 4, 2007) (ruling that petitioner was detained under discretionary authority during an extended removal period); Chatelain v. Clark, No. C07-0489, 2007 WL 2963956, at *3-6 (W.D. Wash. Sept. 12, 2007) (finding that petitioner was detained under 8 U.S.C. § 1226(a)(1) pending petition for review).