KAREN P. HEWITT
United States Attorney
RAVEN NORRIS
Assistant U.S. Attorney
California State Bar No. 232868
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone:  (619) 557-7157
E-mail: Raven.Norris@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUAN JOSE MARTINEZ-MADERA,

        Petitioner,

    v.

MICHAEL B. MUKASEY, United States Attorney General, et al.,

        Respondents.

Case No. 07cv2237-JLS (WMC)

TABLE OF CONTENTS FOR EXHIBITS IN SUPPORT OF GOVERNMENT'S RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

| Exhibits | | Pages |
|---|---|---|
| Declaration of Raven M. Norris | | 13 |
| Exhibit A: | Notice to Appear | 14-17 |
| Exhibit B: | State Court Conviction | 18-22 |
| Exhibit C: | Notice of Custody Determination | 23-24 |
| Exhibit D: | Order of Immigration Judge | 25-41 |
| Exhibit E: | Board of Immigration Appeals Decision | 42-46 |
| Exhibit F: | General Docket: U.S. Court of Appeals for the Ninth Circuit | 47-53 |
| Exhibit G: | Decision to Continue Detention (2006) | 54-62 |
| Exhibit H: | Decision to Continue Detention (2007) | 63-74 |
| Exhibit I: | Cruiz-Ortiz v. Gonzales, No. 06-55654, (9th Cir. Feb. 22, 2007) | 75-77 |
| Exhibit J: | Bernal v. Chertoff, No. 06cv2184-JAH (POR) | 78-83 |
| Exhibit K: | Arteaga v. Gonzales, No. 07cv1626-BEN (CAB) | 84-92 |

1

<u>TABLE OF CONTENTS FOR EXHIBITS</u> (Continued)

2

| <u>Exhibits</u> | | <u>Pages</u> |
|---|---|---|
| Exhibit L | Supnet v. Gonzales, No. 06cv2169-JAH (RBB) | 93-97 |
| Exhibit M | Verdugo-Gonzalez v. Ridge, 07cv0402-LAB (CAB) | 98-104 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                           UNITED STATES DISTRICT COURT

3                         SOUTHERN DISTRICT OF CALIFORNIA

4    JUAN JOSE MARTINEZ-MADERA,          )        Civil No. 07 cv 2237 JLS (WMC)
                                         )
5                 Petitioner,            )
                                         )
6          v.                            )        DECLARATION OF RAVEN M. NORRIS
                                         )
7    MICHAEL B. MUKASEY, United States   )
     Attorney General, et al.,           )
8                                        )
                  Respondents.           )
9    _____ )

10   I, Raven M. Norris, declare and state as follows:

11          1.      I am employed by the United States Attorney's Office, Southern District of California,

12   as an Assistant United States Attorney.  My current employment address is 880 Front Street, Room

13   6293, San Diego, California, 92101.  I am the attorney assigned to the above-captioned matter.

14          2.      I obtained a copy of the documents, lettered Exhibits A-H, of which a true copy

15   accompanies the Government's Return in Opposition to Petition for Writ of Habeas Corpus in this case,

16   by mail from ICE Officer Parra in response to my request for Forms I-213, the Notice to Appear, all

17   immigration judge hearings and decisions, all Board of Immigration decisions, and all custody orders

18   and decisions.

19          I declare under penalty of perjury under the laws of the United States that the foregoing is true

20   and correct to the best of my knowledge.

21          Signed this 1st day of February, 2008, in San Diego, California.

22
                                                 s/Raven M. Norris____
23                                               RAVEN M. NORRIS

24

25

26

27

28

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA
9
                              )
10  JUAN JOSE MARTINEZ-MADERA,  )     Case No. 07cv2237-JLS (WMC)
                                )
11            Petitioner,       )
                                )     NOTICE TO APPEAR
12        v.                    )
                                )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,            )
14                              )
               Respondents.     )
15  _____ )

16

17

18

19

20

21                    EXHIBIT A

22

23

24

25

26

27

28

U.S. Department of Justice
Immigration and Naturalization Service

Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A14 647 093
CDC: K35225
Rel Date: 9/22/2005

In the Matter of:

U.S. IMMIGRATION & NATURALIZATION SERVICE
INSTITUTIONAL HEARING PROGRAM
7018 BLAIR RD.
CALIPATRIA, CA. 92233

Respondent:    MARTINEZ-Madera, Juan Jose  AKA: Juan Jose Martinez
currently residing at   C/O California Department of Corrections
                        (Number, street, city, state and ZIP code)                    (Area code and phone number)

☐  1. You are an arriving alien.

☐  2. You are an alien present in the United States who has not been admitted or paroled.

☒  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

☐  4. You are not a citizen or national of the United States.

☐  5. You are a native of Mexico and a citizen of Mexico.

☐  6. You were admitted to the United States at Calexico, California on or about 12/22/1965 as an immigrant;

☐  7. You were, on 10/25/1996, convicted in the Superior Court of California, County of Santa Clara for the offense of Attempted Murder, in violation of Section 664(A)/187 of the California Penal Code;

☐  8. For that offense, you were sentenced to confinement for a period of 7 years.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

237(a)(2)(A)(iii)  of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(U) and Section 101(a)(43)(A) of The Act, a law relating to murder.

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐  8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

To be set

on 09/15/05 at 0800 (Complete Address of Immigration court, Including room Number, if any)
forth above.   to show why you should not be removed from the United States based on the charge(s) set
    (Date)        (Time)

Caryl G. Thompson
Supervisory Detention and Deportation Officer
(Signature and Title of Issuing Officer)
Calipatria, California
(City and State)

Date SEP  8 2005        See reverse for important information        Form I-862 (Rev. 4-1-97)

Notice to Respondent

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice of Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before:

_(Signature and Title of INS Officer)_

X _Refused To Sign_
(Signature of Respondent)

Date: SEP 8 2005

---

### Certificate of Service

This Notice to appear was served on the respondent by me on __SEP 8 2005__, in the following manner and in
(Date)

compliance with section 239(1)(1)(F) of the Act:    Aliens right index print

☒ in person    ☐ by certified mail, return receipt requested    ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the __ENGLISH/SPANISH/__ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_Refused Finger Print_

X _Refused To Sign_
(Signature of Respondent if Personally Served)

_____ IEA
(Signature and Title of Officer)

"If you fail to attend the hearing at the time and place designated on this notice, or any date and time later designated by the Immigration Court, you shall not be eligible for discretionary relief under INA Section 240A (Cancellation of Removal), 240B (Voluntary departure), 245 (Adjustment of Status), 248 (Adjustment of nonimmigrant status), or 249 (Creation of Record of Admission), for a period of 10 years after the date of the entry of the Final Order of Removal."

"si no asiste a la audencia en el tiempo y lugar designado en este aviso, o cualquier fecha y hora mas tarde designado por la corte de Inmigracion, no estara elegible por asistencia discrecional bajo INA Seccion 240A (Cancelacion de Deportacion), 240B (Salida Voluntaria), 245 (Ajuste de Residencia), 248 (Ajuste de no-inmigrante Residencia), o 249 (Creacion de Registro de Admision), por un periodo de 10 anos despues de la fecha indicada en la Orden Final de Deportacion."

AGENT: _____  Date: SEP  8  2005

RESPONDENT: _____  Date: SEP  8  2005

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10  JUAN JOSE MARTINEZ-MADERA,      )      Case No. 07cv2237-JLS (WMC)
                                    )
11              Petitioner,         )
                                    )      STATE COURT CONVICTION
12       v.                         )
                                    )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                )
14                                  )
                Respondents.        )
15  _____)

16

17

18

19

20

21                            EXHIBIT B

22

23

24

25

26

27

28

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL-290.1

XX SUPERIOR
☐ MUNICIPAL  } COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
☐ JUSTICE

COURT (I.D.)  4 3 1 0 0    BRANCH OR JUDICIAL DISTRICT:  HOJ

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT:  JUAN JOSE MARTINEZ        XX PRESENT        192102
  AKA:  JUAN MADERA, JUAN MADERA MARTINEZ    ☐ NOT PRESENT

COMMITMENT TO STATE PRISON        AMENDED
ABSTRACT OF JUDGMENT              ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 01-06-97 | 24 | LADORIS H. CORDELL | O. OLIVAS |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| A. MCGRAW | R. MEDOZA | V. BURTONBURKE | J. MANGANELLO |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TIME IMPOSED (STATE) M (LWOP) MAJ) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 664(A)/187 | ATTEMPTED MURDER | 96 | 10 | 25 | 96 | | | X | M | 7 | 0 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC. For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC12022.5(a)(1) | 4 | PC12022.7(d) | S | | | | | | | 4 0 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

ADVISED 3 YEARS PAROLE. PROBATION DENIED. PAY RESTITUTION FINE OF $200, $138 CRIMINAL JUSTICE ADM FEE CITY OF SAN JOSE.  CT 2 DISMISSED.
  Motion to withdraw plea denied--no legal cause.

TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

TOTAL TERM IMPOSED:    11    0

☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

EXECUTION OF SENTENCE IMPOSED:

A. ☒ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E. ☐ OTHER

| DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 276 | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 01-06-97 | | INCLUDING: | 240 | (2933.1) 36 | ☐ DMH  ☐ CDC |

DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☒ SAN QUENTIN
☐ OTHER (SPECIFY):
☐ CALIF. INSTITUTION FOR MEN – CHINO

CLERK OF THE COURT

hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Diana Strickland  D. STRICKLAND | JANUARY 07, 1997 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

## ABSTRACT OF JUDGMENT – COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

SUPERIOR COURT — COUNTY OF SANTA CLARA



MUNICIPAL COURT OF CALIFORNIA
SANTA CLARA COUNTY JUDICIAL DISTRICT
SAN JOSE FACILITY

THE PEOPLE OF THE STATE OF CALIFORNIA,

                                    Plaintiff, |        AMENDED
                                               |   FELONY COMPLAINT
                                               |
                                               |   DA COURT NO:  C9691600
                                               |      DA NO      CEN
                          vs.                  |   960513211 96016745  JM C
                                               |
JUAN JOSE MARTINEZ (01/27/53),                 |
   aka JUAN MADERA,                            |
   aka JUAN MADERA MARTINEZ,                   |
2174 B LAVSETT AVE., SAN JOSE, CA              |
                                               |
                                    Defendant(s).|
                                               |   192102

The undersigned is informed and believes that:


                          COUNT  1


        On or about May 12, 1996, in the above named Judicial District, the crime
of ATTEMPTED MURDER, in violation of PENAL CODE SECTION 664(A)/187, a Felony,
was committed by JUAN JOSE MARTINEZ, who did unlawfully and with malice
aforethought, attempt to kill a human being, to wit: CASILDA BILLINGSLEY, in
violation of Penal Code Sections 664, 187, and 189.


        It is further alleged that in the commission of the foregoing offense, the
said defendant, JUAN JOSE MARTINEZ, willfully, deliberately, and with
premeditation attempted the murder of CASILDA BILLINGSLEY, within the meaning
of Penal Code Sections 664. 187, and 189.


        (AA1)  It is further alleged that in the commission and attempted commission
of the foregoing offense, the said defendant, JUAN JOSE MARTINEZ, personally
used a firearm, to wit:  a(n) HANDGUN, within the meaning of Section
12022.5(a)(1) and 1203.06 of the Penal Code.

certify that this is a true and
correct copy of court certified
documents(s) on file with the
California Department of Corrections

U.S. Immigration Officer

                          Page 1

(AADW)  It is further alleged that at the time of and in the commission and attempted commission of the foregoing offense, the said defendant, JUAN JOSE MARTINEZ, personally used a deadly and dangerous weapon, to wit: a(n) WRENCH, within the meaning of Section 12022(b)(1) of the Penal Code.

*Strike*

It is further alleged that probation shall not be granted to said defendant within the meaning of Section 1203(e)(2) of the Penal Code.

(GBI)  It is further alleged that in the commission and attempted commission of the foregoing offense, the said defendant, JUAN JOSE MARTINEZ, personally inflicted great bodily injury upon CASILDA BILLINGSLEY, under circumstances involving domestic violence, within the meaning of Sections 12022.7(d) and 1203(e)(3) of the Penal Code.

*admit*

\* \* \* \* \*

COUNT  2

On or about May 12, 1996, in the above named Judicial District, the crime of POSSESSION OF FIREARM BY SPECIFIED PERSON, in violation of PENAL CODE SECTION 12021(A), a Felony, was committed by JUAN JOSE MARTINEZ, who having been convicted of a felony, to wit: TERRORIST THREATS, in violation of Section 422 of the PENAL Code of the State of CALIFORNIA, did have in his/her possession and under his/her custody and control a firearm, to wit:  a HANDGUN.

\* \* \* \* \*

certify that this is a true and correct copy of court Certified document(s) on file with the California Department of Corrections

U.S. Immigration Officer

07CV2237_00021

Further, attached hereto and incorporated herein are official reports and documents of a law enforcement agency which the undersigned believes establish probable cause for the pretrial restraint of defendant JUAN JOSE MARTINEZ, for the above-listed crimes.

Complainant therefore prays that the said defendant(s) may be dealt with according to law.

I certify under penalty of perjury that the foregoing is true and correct. Executed on May 15, 1996, in SANTA CLARA County, California.

FERLA 2301
(PAPAL 2729)
SJPD (408)277-4161  961331232
BOURLARD/D274/FEL/dmt



I certify that this is a true and correct copy of court certified document(s) on file with the California Department of Corrections

U.S. Immigration Officer

07CV2237_00022

1　　KAREN P. HEWITT
　　　United States Attorney
2　　RAVEN NORRIS
　　　Assistant U.S. Attorney
3　　California State Bar No. 232868
　　　Office of the U.S. Attorney
4　　880 Front Street, Room 6293
　　　San Diego, California 92101-8893
5　　Telephone:  (619) 557-7157
　　　E-mail: Raven.Norris@usdoj.gov
6
　　　Attorneys for Respondents
7

8　　　　　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　　　　SOUTHERN DISTRICT OF CALIFORNIA
9
　　　　　　　　　　　　　　　　　　　)
10　　JUAN JOSE MARTINEZ-MADERA,　　)　　Case No. 07cv2237-JLS (WMC)
　　　　　　　　　　　　　　　　　　　)
11　　　　　　　　　　Petitioner,　　　　)
　　　　　　　　　　　　　　　　　　　)　　NOTICE OF CUSTODY DETERMINATION
12　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
13　　MICHAEL B. MUKASEY, U.S. Attorney )
　　　General; et al.,　　　　　　　　　　)
14　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Respondents.　　　　)
15　　_____ )

16

17

18

19

20

21　　　　　　　　　　　　　　　　EXHIBIT C

22

23

24

25

26

27

28

**U.S. Department of Justice**
Immigration and Naturalization Service                                    Notice of Custody Determination

File No: **A14 647 093**
Date: 8/31/2005

*Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:*

☒  *detained in the custody of this Service.*

☒  *released under bond in the amount of $<u>NO BOND</u>.*

☐  *released on your own recognizance.*

☐  *You may request a review of this determination by an immigration judge.*
☐  *You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.*

_____
(Signature of authorized officer)

 <u>Supervisory Detention and Deportation Officer</u>
(Title of authorized officer)

 <u>Calipatria, California</u>
(INS office location)

☐  *I do* ☐ *do not request a redetermination of this custody by an immigration judge.*

☒ *I acknowledge receipt of this notification.*

_____                SEP  8  2005
(Signature of respondent)                        _____
                                                       (Date)

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ *Immigration Judge*              ☐ *District Director*              ☐ *Board of Immigration Appeals*

The results of the redetermination/reconsideration are:

☐ *No change - Original determination upheld.*        ☐ *Release - Order of Recognizance*
☐ *Detain in custody of this Service*                 ☐ *Release - Personal Recognizance*
☐ *Bond amount reset to _____*                ☐ *Other: _____*

_____
(Signature of Officer)

*Form I-286 (Rev. 4-1-97)N*

07CV2237_00024

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10 JUAN JOSE MARTINEZ-MADERA,        )     Case No. 07cv2237-JLS (WMC)
                                     )
11          Petitioner,              )
                                     )     ORDER OF IMMIGRATION JUDGE
12      v.                           )
                                     )
13 MICHAEL B. MUKASEY, U.S. Attorney )
   General; et al.,                  )
14                                   )
            Respondents.             )
15 _____ )

16

17

18

19

20

21                        EXHIBIT D

22

23

24

25

26

27

28

IMMIGRATION COURT
2409 LA BRUCHERIE ROAD
IMPERIAL, CA  92251

In the Matter of                              Case No.: A14-647-093
xS-MARTINEZ-MADERA, JUAN JOSE
        Respondent                         IN REMOVAL PROCEEDINGS
                            ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 21, 2006.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to
     or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and Mexico,
     respondent was ordered removed to
     or in the alternative to
[ ]  Respondent's application for voluntary departure was granted until
         upon posting a bond in the amount of $ _____
     with an alternate order of removal to
Respondent's application for:
[ ]  Asylum was ( ) granted ( ) denied ( ) withdrawn
[ ]  Withholding of removal was ( ) granted ( ) denied ( ) withdrawn
[ ]  A Waiver under Section _____ was ( ) granted ( ) denied ( ) withdrawn
[ ]  Cancellation under Section 240A(a) was ( ) granted ( ) denied ( ) withdrawn
Respondent's application for:
[ ]  Cancellation under Section 240A(b)(1) was ( ) granted ( ) denied
         ( ) withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Cancellation under Section 240A(b)(2) was ( ) granted ( ) denied
         ( ) withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Adjustment of Status under Section _____ was ( ) granted ( ) denied
         ( ) withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Respondent's application of ( ) withholding of removal ( ) deferral of
     removal under Article III of the Convention Against Torture was
         ( ) granted ( ) denied ( ) withdrawn.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other:
Date: Feb 21, 2006

                                         DENNIS R. JAMES
                                         Immigration Judge

Appeal: Waived/Reserved    Appeal Due By:
                            3-23-2006

EC2

ALIEN NUMBER: 14-647-093                    ALIEN NAME: *S-MARTINEZ-MADERA, JUAN

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: _____    BY: COURT STAFF _____
     Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION COURT
Osento, California


File A 14 647 093                        February 21, 2006
In the Matter of


JUAN JOSE MARTINEZ-MADERA,        )          IN REMOVAL PROCEEDINGS
                                  )
             Respondent           )


CHARGE:        Section 237(a)(2)(A)(3)(i) of the Immigration And
               Nationality Act as amended - and at any time after
               admission you have been convicted of an aggravated
               felony as defined in Section 101(a)(43)(U) and
               section 101(a)(43)(A) of the Immigration Act - a
               law relating to murder.


APPLICATIONS
FOR RELIEF:    None submitted.  Motion to terminate based upon
               a claim to having derived citizenship.


ON BEHALF OF RESPONDENT:              ON BEHALF OF DEPARTMENT OF
                                      HOMELAND SECURITY:
Pro se                                Victor Yee
                                      Assistant Chief Counsel
                                      Immigrations and Customs
                                       Enforcement
                                      1115 North Imperial Avenue
                                      Osento, California  92243


             ORAL DECISION OF THE IMMIGRATION JUDGE

        The Department of Homeland Security issued the Notice

to Appear charging the above ground of deportability on September

8th, 2005.  The document was served upon the respondent that date

and subsequently filed with the Immigration Court September 13th,

2004.  The respondent was ordered to appear before the

Immigration Court and did.

'DC

The respondent's first appearance before the Immigration Court was at the Federal Detention Center Court Osento, California.  At that time the respondent was placed under oath to tell the truth in the proceedings.

The respondent confronted his true name as is set forth in the Notice to Appear.

The respondent confirmed that he had in fact received a copy of the Notice to Appear.

The respondent was advised of the allegations filed against him and the charge of deportability.  The respondent stated that he understood the allegations and the ground of deportability.

The respondent was advised as to the purpose of the proceeding and why he was in court.  The respondent stated that he understood the purpose of the proceeding and why he was in court.

Each of the rights the respondent has were explained to him and he stated that he understood the rights that he has in this proceeding.  The respondent was advised that he has a right to exam any document offered to the Court by the Government, that he has a right to question and cross-examine any witness called by the Government and that he has a right to object to the evidence the Government offers to the Court against him.  The respondent stated that he understood these rights.

The respondent was advised that he has a right to

A 14 647 093                  2                  February 21, 2006

'DC

present evidence on his own behalf, that he has a right to

produce documentary evidence for the Court to consider, that he

has the right to call witnesses to testify on his behalf and that

he has the right to testify himself.  The respondent stated that

he understood these rights.

The respondent was advised that he has a right to

appeal the Court's decision.  The respondent stated that he

understood this appellate right.

The respondent was advised that he has the right to be

represented by an attorney or other legally qualified

representative that he picks out and he pays for at no cost to

the United States Government.  The respondent stated that he

understood this right to be represented.

The respondent confirmed that he had received a list of

legal services and the form setting forth his appellate rights.

Counsel had not hired an attorney and did not wish to

do so.  The respondent gave up his right to be represented by

counsel and proceeded speaking on his own behalf.

The Court called upon the respondent to plead to the

allegations.

The respondent denied that he is not a citizen or

national of the United States.

The respondent denied that he is a native and citizen

of Mexico.  The respondent testified that he was born in Mexico,

that he has a stepfather born in the United States in California,

A 14 647 093                    3              February 21, 2006

'DC

that his mother was born in Mexico and became a citizen by naturalization approximately 10 years after the respondent became age 18.

The respondent admitted that he was legally admitted to the United States at Calexico, California on or about December 22nd, 1965 as a lawful permanent resident.

The respondent admitted that on October 25th, 1996 he was convicted in the Superior Court of California, County of Santa Clara for the offense of attempted murder in violation of Section 664(A)/187 of the California Penal Code and that for that offense he was sentenced to confinement for a period of seven years.

The respondent was asked if he had filed an appeal on the case and he stated that he did file an appeal, but he dropped pursuing that appeal.

Based upon the respondent's denial to the allegation relating to citizenship in the United States or whether he's a native or citizen of Mexico the Court did not sustain the charge of deportability until that issue is resolved.

The Department of Homeland Security indicated that they had a copy of the respondent's birth certificate, that a biological father is named on the birth certificate and that the father was a citizen of Mexico. The respondent indicated to the Court that he has served 10 years in custody on this conviction.

The respondent testified that his date of birth is

A 14 647 093                    4                    February 21, 2006

PDC

January 27th, 1953.

Based upon the conviction that the respondent suffered and the time that he's been in custody the respondent does not statutorily appear to be eligible to cancellation of removal in either of it's forms, adjustment of status because he no longer qualifies for the necessary 212(h) waiver to waive the conviction. The respondent likewise is not eligible to be considered for the refugee based claims of withholding under the Immigration Act or asylum and when questioned regarding Article 3 the Convention Against Torture Deferral of Removal under Article 3. The respondent answered that he did not think he would be tortured if returned to Mexico.

The Court advised the respondent about what it would take to establish eligibility to be considered for deferral under Article 3 of the Convention Against Torture and he was provided with the application, given the opportunity to submit an application if he chose to do so.

The respondent primarily wishes to pursue the fact that he's acquired citizenship through his stepfather, who is a United States citizen.

The matter was continued to give both the Government and the respondent the opportunity to prepare.

At subsequent hearings the Court checked on the update and the matter was finally set for a merits hearing on today's date.

A 14 647 093                    5                    February 21, 2006

07CV2237_00032

FDC

The Government filed with the Court a prehearing submission.  That prehearing submission had been received by the respondent and reviewed by the respondent.  He acknowledged that it was a correct record of what transpired to him although he disagrees with the outcome in the criminal court.  The Government's prehearing submission was admitted into evidence as Exhibit 2.

The respondent on the issue of whether he's a United States citizen or a native and citizen of Mexico submitted a substantial packet of information, well put together, for a pro per represented respondent.  The Government had received that packet of information had, had an opportunity to review it and had no objection to it's admission into evidence as Exhibit 3. It contains a Motion to Terminate Proceedings under the theory that respondent has acquired a derived citizenship through his stepfather, a United States citizen.

The only issue in the case being whether the respondent's subject to removal.  Because he's an alien that's been convicted of an aggravated felony brings into focus the issue of whether he's a citizen or national of the United States or a native and citizen of Mexico.

The Court has read and considered the respondent's moving papers.  The Court has likewise incorporated into the record by reference United States Court of Appeals decision and Scales v. INS, 232 F.3d 1159 and Edwardo Solese-Espinoza v.

A 14 647 093                    6              February 21, 2006

CDC

<u>Alberto Gonzalez</u>, 401 F.3d 1090.  Those decisions were cited and decided by the Ninth Circuit Court of appeals in November of 2000 and in March of 2005.

The Court has considered those decisions in arriving at it's decision today.

The parties agreed to the following set of facts.

The respondent was born in Mexico in 1953.  The respondent's mother, Tomasa Madera, was born in Mexico and the respondent's biological father was also born in Mexico.

The respondent's biological parents were not married at the time of his birth and in fact never married.

The respondent was born and shortly thereafter at approximately 6 months of age Jesus Gonzalez, not the respondent's biological father, came into his mother's life, they began to develop and have a relationship and continued that relationship for many years.

On February 28th, 1960 Jesus Gonzalez and the respondent's mother, Tomasa Madera, were married.  Both parties agreed that based upon the evidence presented by the respondent in Exhibit 3, which there is no reason to dispute or disbelieve, that since respondent's age of 6 months Mr. Gonzalez, a United States citizen, has held out that the respondent is to be his son and addresses him and adopted him into the family although not a legal adoption.  He has always held the respondent out to be a son and part of the family.

A 14 647 093                    7              February 21, 2006

rDC

Keeping in mind these facts it is the Department of Homeland Security's position that for the respondent to gain United States citizenship under these facts pursuant to Section 309 of the Immigration And Nationality Act that the respondent's biological father must have a blood relationship to the respondent since he was born out of wedlock to a non-citizen father and non-citizen mother.

In essence the Government's assertion is that the respondent was born out of wedlock and to establish a claim for derivative or acquired citizenship the blood relationship is required to be established.

The respondent argues that, that is not necessarily required and cites <u>Scales v. INS</u>, 232 F.3d 1159 (9th Cir. November 21st, 2000) and <u>Solese-Espinoza v. Gonzalez</u>, 401 F.3d 1090 (9th Cir. March 23rd, 2005).

The Court has had an opportunity to review those two decisions, to review the law in effect at the time.

The applicable law for transmitting citizenship to a child born abroad with one parent is a United States citizen is the statute that was in effect at the time of the child's birth.

In this particular case the facts are clear. Neither of the respondent's biological parents were United States citizens at the time he was born. Granted the respondent's mother became a United States citizen approximately 10 years after he turned age 18.

07CV2237_00035

'DC

The respondent's biological parents were not married at the time of his birth and were never married.

The respondent in this case is desiring to acquire citizenship under the theory that Jesus Gonzalez, a United States citizen, came into his life at approximately 6 months of age, into his mother's life at the same time, established a relationship with her, had children, subsequently married, February 28th, 1960 and incorporated his mother's previous children and the respondent into the marriage as if they were his own children.  That there has never been any distinction between the children in the family and that they were all considered to be of the family.

It is the respondent's contention that Mr. Jesus Gonzalez has legitimized him through this representation that he is his son, holding him out to be part of the family and part of the same family structure.

Based upon the facts of this case they are distinguishable from Solese and Scales, supra.

In both of those cases the reviewing court found that those children were not born out of wedlock.

Therefore there was no requirement for blood relationship to be established.

They found that there was no necessity for biological relationship under the facts of those two cases.

The Court would note that under the California law, as

A 14 647 093                    9                February 21, 2006

PDC

cited by the respondent and cited in <u>Solese-Espinoza</u>, Supra
California Civil Code Section 320.

Generally speaking when they're talking about the
legitimization they're talking about the biological father
legitimating a child born out of wedlock.

In considering the Immigration And Nationality Act and
the requirement for deriving or acquiring citizenship that is one
of the requirements for a child born out of wedlock to a United
States citizen father, is that their relationship must be
legitimized depending upon the birth of the child at different
ages.

As not the case here.

Based upon the review of the law to be applying to the
case, the positions of the parties, the Ninth Circuit case cited
by the Court, it is this Court's legal opinion that this
respondent does not derive citizenship through Jesus Gonzalez,
who is not his biological father, but his stepfather who married
his mother on February 28th, 1960, well after the respondent's
birth in 1953.

The Court finds that the respondent has not overcome
the proof that's been submitted that he is an alien.

It's clear from Exhibit 3, it's clear from his
admissions that he immigrated to the United States through a
petition filed by Jesus Gonzalez. Through his testimony, it's
clear that he was born in Mexico and that both of his biological

A 14 647 093                 10              February 21, 2006

PDC

parents were natives and citizens of Mexico.

In this particular case the Court is satisfied by evidence that's clear and convincing that each of the allegations have been proven, that being that the respondent is not a citizen or national of the United States, that he is a native and citizen of Mexico, that he was admitted to the United States as a lawful permanent resident on or about December 22nd, 1965, that the respondent was convicted October 25th, 1996 in the Superior Court of California the County of Santa Clara for the offense of attempted murder as charged with the Government in allegation number seven and admitted that for that offense he was sentenced to confinement for a period of seven years. The Court is likewise satisfied based upon the testimony of the respondent that, that conviction is final for Immigration Court purposes.

Having found that each of the allegations have been proven by evidence that's clear and convincing the respondent's motion to terminate based upon his claim of being a United States citizen is hereby denied.

Based upon the evidence of record the fact that the allegations have all been proven by evidence that's clear and convincing the Court finds the charge of deportability has been sustained by the proper standard. The respondent is subject to removal from the United States as an alien who after admission has been convicted of an aggravated felony as defined in (a) and (u) of 101(a)(43) of the Immigration Act, the law relating to

A 14 647 093                    11                    February 21, 2006

PDC

murder.

As previously stated based upon the respondent's answers to questions presented by the Court, the Court finds that he is not statutorily eligible to be considered for either form of cancellation of removal.  He likewise is not eligible for adjustment of status because he no longer qualifies for the 212(h) waiver for the conviction, statutorily ineligible to be considered for asylum, withholding under the Immigration Act and withholding under Article 3 of the Convention Against Torture.

He's statutorily ineligible to be considered for either form of voluntary departure, statutorily ineligible to be considered for Section 212(c) of the Immigration And Nationality Act relief.  The Court would note that the respondent was convicted by plea after the passage of AEDPA and the new Immigration Act, but in any event would not qualify even under the Sear decision by the United States Supreme Court because he has served five years or greater in custody on that conviction.

Statutorily ineligible to be considered for a registry under Section 249 and there is no issue in this case of Section 209(c) since he was not admitted under Section 207.

Based upon all of the evidence that's been considered by the Court and the rulings that the Court has made today.  The following order issues.

A 14 647 093                    12                    February 21, 2006

PDC

## ORDER

The respondent is hereby ordered removed from the
United States to Mexico as charged.

 

 

_____
Dennis R. James
United States Immigration Judge

A 14 647 093                    13                February 21, 2006

<u>CERTIFICATE PAGE</u>

I hereby certify that the attached proceeding

before DENNIS R. JAMES in the matter of:

JUAN JOSE S-MARTINEZ-MADERA

A 14 647 093

Osento, California

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.


_____
Tisha Carroll    (Transcriber)


Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344


April 17, 2006
(Completion Date)

1    KAREN P. HEWITT
     United States Attorney
2    RAVEN NORRIS
     Assistant U.S. Attorney
3    California State Bar No. 232868
     Office of the U.S. Attorney
4    880 Front Street, Room 6293
     San Diego, California 92101-8893
5    Telephone:  (619) 557-7157
     E-mail: Raven.Norris@usdoj.gov
6
     Attorneys for Respondents
7

8                      UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10   JUAN JOSE MARTINEZ-MADERA,      )      Case No. 07cv2237-JLS (WMC)
                                     )
11            Petitioner,            )
                                     )
12        v.                         )      BOARD OF IMMIGRATION APPEALS
                                     )      DECISION
13   MICHAEL B. MUKASEY, U.S. Attorney )
     General; et al.,                )
14                                   )
              Respondents.           )
15   _____ )

16

17

18

19

20

21                              EXHIBIT E

22

23

24

25

26

27

28

U.S. Department of Justi

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia  22041*

**MARTINEZ-MADERA, JUAN JOSE**
**A14 647 093**
**P.O. BOX 439049**
**SAN DIEGO,  CA  92143-9049**

**U.S. INS - Trial Attorney Unit/ELC**
**1115 N. Imperial Ave.**
**El Centro, CA  92243**

Name: *S-MARTINEZ-MADERA, JUAN JOSE          A14-647-093

Date of this notice: 05/30/2006

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of t    oard of Immigration Appeals

Falls Church, Virginia 22041

File:    A14 647 093 - El Centro            Date:        MAY **3 0** 2006

In re:    JUAN JOSE <u>MARTINEZ</u>-MADERA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF DHS:    Victor Yee
                     Assistant Chief Counsel

CHARGE:

Notice:Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                Convicted of aggravated felony

APPLICATION:    Termination

ORDER:

PER CURIAM.    In a decision entered on February 21, 2006, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), based on his record of conviction. Exh.2. The Immigration Judge found the respondent statutorily ineligible for any relief from removal, due to his conviction for an aggravated felony as defined in section 101(a)(43)(U) of the Act, 8 U.S.C. § 1101(a)(43)(U).[1] The Immigration Judge ordered the respondent removed from the United States to Mexico. The respondent appealed.[2] The appeal will be dismissed.

On appeal, the respondent, a 53-year-old native and national of Mexico, alleges that he is entitled to United States citizenship. The respondent concedes that he was born in Mexico on January 27, 1953. The respondent admits that he was born out of wedlock of Mexican parents, but claims that six months after his birth, his mother met his stepfather, a United States citizen, who raised him and claimed him as his

---

[1]    The record reflects that on October 26, 1996, the respondent was convicted in the Superior Court of California, County of Santa Clara, for the offense of Attempted Murder, in violation of Section 664(A)/187 of the California Penal Code, and sentenced to 7 years in prison.

[2]    The respondent's request to proceed on appeal *in forma pauperis* is granted under 8 C.F.R. § 3.8(c). *See Matter of Chicas*, 19 I&N Dec. 114 (BIA 1984).

A14 647 093

son (Tr. at 25-26). The respondent contends that he is entitled to United States citizenship on account of his relationship to his stepfather, a United States citizen, and cites to the decisions of the United States Circuit Court of Appeals for the Ninth Circuit, the jurisdiction wherein this case arises, in *Solis-Espinoza v. Gonzales*, 401 F.3d 1090 (9th Cir. 2005) (the Court held that respondent was neither illegitimate nor born out of wedlock such that the blood relationship requirement set forth in 8 U.S.C. § 1409 does not apply to the respondent so as to bar his claim to United States citizenship), and *Scales v. INS*, 232 F.3d 1159, 1166 (9th Cir. 2000) (the Court held that a blood relationship between a child and a U.S. citizen was not required to establish citizenship under 8 U.S.C. § 1401(g), if the child in question was not born out of wedlock.). The respondent maintains the Immigration Judge erred in not terminating proceedings.

The Ninth Circuit has held that the applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth. *See U.S. v. Viramontes-Alvarado*, 149 F.3d 912, 915 (9th Cir.1998) (quoting *Ablang v. Reno*, 52 F.3d 801, 803 (9th Cir.1995) and *Runnett v. Shultz*, 901 F.2d 782, 783 (9th Cir.1990)), *cert. denied*, 525 U.S. 976, (1998). The respondent was born on January 27, 1953. Therefore, we apply the statutes applicable on that date. In 1953, 8 U.S.C. § 1401(a)(7) stated that a person shall be a national and a citizen of the United States at birth who is: born outside of the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years. At that time, Section 1401(g) was applicable, pursuant to 8 U.S.C. § 1409(a), to children born out of wedlock to U.S. citizen fathers "if the paternity of such child is established while such child is under the age of twenty-one years by legitimation." A child who is unmarried and less than 21 years of age can be legitimated: under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. 8 U.S.C. § 1101(b)(1)(C).

The court's decision in *Scales v. INS, supra*, involved a child who was born to a non-citizen woman who was married at the time of the child's birth to a United States citizen. That man accepted the child and acted as his father, even though he was not the biological father of the child. The court observed in *Scales* that while the "blood relationship" requirement in 8 U.S.C. § 1409 applied to an illegitimate child, the requirement applied *only* to an illegitimate child and that it did not apply to someone who was not born "out of wedlock." *Supra* at 1164. The court determined that the respondent in that case was not illegitimate, since he was "born to parents who were married at the time of his birth," even though the husband in that married couple was not the child's biological father. *Id* Thus, the court concluded that § 1409 did not apply to him, and then determined that the respondent qualified for United States citizenship under § 1401, despite the lack of a blood relationship between the child and the United States citizen parent, since the statute did not require a blood relationship for citizenship, other than the requirement under § 1409 applicable only to a child born out of wedlock. *Id* The court further recognized in *Solis-Espinoza v. Gonzales, supra*, that there should be no distinction on the issue of legitimation, where an individual such

07CV2237_00045

A14 647 093

as the respondent in the case before us, who was acknowledged and accepted into the family by the mother's United States citizen husband, and was otherwise treated as if he were a legitimate child, and adopted as such; and the situation in *Scales v. INS, supra*, where the father of an illegitimate child acknowledges and with the consent of the United States citizen spouse, brings the child into the family; and concluded that public policy dictates that in both instances such child is deemed for all purposes legitimate from the time of its birth. *See Solis-Espinoza v. Gonzales, supra* at 1093-1094.

However, notwithstanding the foregoing discussion, we find the respondent does not benefit from the Ninth Circuit decisions in either *Solis-Espinoza v. Gonzales, supra*, or *Scales v. INS, supra*. As noted above, in both *Solis-Espinoza* and *Scales*, the court found that there was an existing marital relationship between one of the biological parents and the stepparent at the time the child was born so that the child was not considered to be illegitimate or born out of wedlock and was therefore not barred from establishing citizenship under 8 U.S.C. § 1401(g). In contrast, in the respondent's case, the respondent's natural parents were both unmarried and Mexican citizens at the time of the respondent's birth (Tr. at 25-26), and the respondent's mother did not marry his United States citizen stepfather until 1960 (Tr. at 26), seven years after he was born. Consequently, he may not benefit from those decisions. A person who claims United States citizenship has the burden to establish it. *See Matter of Leyva*, 16 I&N Dec. 118 (BIA 1977); *Matter of Tijerina-Villareal*, 13 I&N Dec. 327 (BIA 1969). The respondent has not sustained his burden.

Finally, with regard to the respondent's appellate constitutional challenges, we note that this Board and the Immigration Judges lack the authority to consider constitutional challenges to the statutes and regulations we administer. See *Matter of Fede*, 20 I&N Dec. 35 (BIA 1989); *see also Matter of Medina*, 19 I&N Dec. 734 (BIA 1988); *Matter of Valdovinos*, 18 I&N Dec. 343 (BIA 1982).

Based on the record before us, we agree with the Immigration Judge that the respondent is subject to removal from the United States based on the respondent's conviction records submitted in this case. *See* section 240(c)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(3)(A). Therefore, the respondent is clearly removable. Moreover, the respondent has failed to establish his eligibility for any other relief from removal.

Accordingly, in view of the foregoing, the appeal is dismissed.

FOR THE BOARD

3

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                   UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF CALIFORNIA
9

10  JUAN JOSE MARTINEZ-MADERA,    )    Case No. 07cv2237-JLS (WMC)
                                  )
11              Petitioner,       )
                                  )
12       v.                       )    GENERAL DOCKET: U.S. COURT OF
                                  )    APPEALS FOR THE NINTH CIRCUIT
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,              )
14                                )
                Respondents.      )
15  _____ )

16

17

18

19

20

21                              EXHIBIT F

22

23

24

25

26

27

28





Print Page

# General Docket
## US Court of Appeals for the Ninth Circuit

```
Court of Appeals Docket #: 06-73157                    Filed: 6/20/06
Nsuit:    0
Martinez-Madera, et al v. Gonzales
Appeal from: Immigration and Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) agency
    2) review
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0974-3 : A14-647-093
    Date Filed: 6/20/06
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: in forma pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None

Docket as of October 25, 2007 11:20 pm               Page 1
```

06-73157 Martinez-Madera, et al v. Gonzales

```
JUAN JOSE MARTINEZ-MADERA          Bennett G. Young, Esq.
    Petitioner                     FAX  415
                                   415/951-1100
                                   Suite 400
                                   [COR NTC cap]
                                   Paul S. Jasper, Esq.
                                   FAX 415/951-1180
                                   415/951-1100
                                   Suite 400
                                   [COR LD NTC cap]
                                   Seth W. Wiener, Esq.
                                   FAX 415/951-1180
                                   415/951-1100
                                   [COR LD NTC cap]
                                   Katherine A. Sullivan
                                   FAX 415-951-1180
                                   415-951-1100
```

```
                                   Suite 400
                                   [COR LD NTC ret]
                                   LEBOEUF LAMB GREENE & MACRAE,
                                   LLP
                                   One Embarcadero Center
                                   San Francisco, CA 94111

                                   Juan Jose Martinez-Madera
                                   # A14-647-093
                                   [COR LD NTC prs]
                                   EL CENTRO SERVICE PROCESSING
                                   CENTER
                                   1115 N. Imperial Ave.
                                   El Centro, CA 92243

          v.

ALBERTO R. GONZALES, Attorney      District Director
General                            Suite 1234
       Respondent                  [LD NTC gov]
                                   OFFICE OF THE DISTRICT COUNSEL
                                   Department of Homeland Security
                                   880 Front Street
                                   San Diego, CA 92101-8897

                                   Ronald E. LeFevre, Chief
                                   Counsel
                                   [LD NTC gov]
                                   OFFICE OF THE DISTRICT COUNSEL
                                   Department of Homeland Security
                                   P.O. Box 26449
                                   San Francisco, CA 94126-6449

                                   Richard M. Evans, Esq.
                                   FAX 202/616-4950
                                   202/616-4853

Docket as of October 25, 2007 11:20 pm                    Page 2
```

---

```
06-73157 Martinez-Madera, et al v. Gonzales

                                   [COR NTC gov]
                                   DOJ - U.S. DEPARTMENT OF
                                   JUSTICE
                                   Civil Div./Office of
                                   Immigration Lit.
                                   P.O. Box 878, Benjamin Franklin
                                   Station
                                   Washington, DC 20044

                                   Andrew Oliveira, Esq.
                                   FAX 202/514-4260
                                   202/616-4853
                                   [COR LD NTC gov]
                                   U.S. DEPARTMENT OF JUSTICE
                                   Civil Division
```

P.O. Box 878, Ben Franklin
Station
Washington, D.C., 20044

Docket as of October 25, 2007 11:20 pm          Page 3

---

06-73157 Martinez-Madera, et al v. Gonzales

JUAN JOSE MARTINEZ-MADERA

              Petitioner

   v.

ALBERTO R. GONZALES, Attorney General

              Respondent

Docket as of October 25, 2007 11:20 pm          Page 4

---

06-73157 Martinez-Madera, et al v. Gonzales

6/20/06          FILED PRO SE INS PETITION FOR REV DOCKETED CAUSE AND
                 ENTERED APPEARANCES OF COUNSEL, NOTIFIED RESPONDENTS OF
                 FILING. Pursuant to G.O. 6.4(c)(7), the schedule is set as
                 follows: Certified Administrative Record due 8/15/06
                 petitioner's opening brief is due 11/7/06; respondents'
                 brief is due 12/7/06;  petitioner's optional reply brief is
                 due 14 days from service of respondent's brief.  PRO SE
                 [06-73157] (gail)

6/20/06          Filed Petitioner Juan Jose Martinez-Madera's motion to
                 proceed in forma pauperis. [06-73157] served on 6/13/06
                 [5862254]   MOATT [06-73157] (gail)

6/20/06          Filed Petitioner Juan Jose Martinez-Madera's motion for
                 appointment of csl; [06-73157] served on 6/16/06 [5863618]
                 (MOATT) [06-73157] (ft)

6/20/06          Filed Petitioner Juan Jose Martinez-Madera motion for stay
                 of deportation.  Served on 6/16/06 . Briefing schedule is
                 suspended until further order of the court. Pursuant to
                 G.O. 6.4(c)(1 and 3)  [06-73157] Cert. Admin. Record is due
                 8/15/06 and Response to Stay Motion due 9/21/06.(MOATT) (ft)

7/10/06          Filed order (Appellate Commissioner) The motion to proceed
                 ifp is granted. The Clerk shall amend the docket to reflect
                 this status. The motion for appointment of csl is granted.
                 The court by this order expresses no opinion as to the
                 merits of this petition. The Clerk shall enter an order
                 appointing pro bono csl to represent petitioner for
                 purposes of this petition only, and establishing a revised
                 briefing schedule. The petition is stayed pending further

|  | order of this court. The response to the motion for a stay of removal remains due on 9/21/06. ( MOATT) [06-73157] (ft) |
|---|---|
| 8/1/06 | Electronic Certified Administrative Record Filed. CD-ROMS: 1 [06-73157] (rayc) |
| 10/2/06 | Filed order MOATT (dls) The absence of a timely response to the stay motion is construed as a statement of non-opp to the stay motion. Accordingly, the temporay stay continues in effect until issuance of the mandate or further order of the court. If the Agency granted voluntary departure, and the stay motion was filed within the voluntary departure period, the voluntary departure period was stayed nunc pro tunc as of the filing date of the stay motion, and also continues in effect until issuance of the mandate, or further order of the court. The certified admin record has been filed. The petition is stayed pending further order of this court. [06-73157] (ft) |
| 10/25/06 | Received Petitioner Juan Jose Martinez-Madera letter dated 10/23/06 re: Clarifying that the breifing has not yet been set. [06-73157] (ft) |

Docket as of October 25, 2007 11:20 pm                    Page 5

---

06-73157 Martinez-Madera, et al v. Gonzales

| 10/27/06 | Filed order (Deputy Clerk: jmr) Pursuant to this court's order appointing pro bono cnsl. The following aty is hereby appointed. If pet does not object to this ord in writing within 14 days from the date of entry of this order, the clk shall amend the record to reflect that Seth W. Wiener, Esq is cnsl of record for pet in this appeal. , setting schedule as follows: petitioners' opening brief due 1/12/07; respondents' brief due 2/12/07; petitioners' reply brief due 2/26/07; .. This appeal shall be calendared for oral argument on the next available calendar after briefing. [06-73157] (kym) |
|---|---|
| 1/5/07 | Filed order CONFATT (pws) This immigration case has been referred to the Ninth CIrcuit Mediation Program, and is under consideration for inclusioni in the Program. A confidential settlement assessment conference will be held by phone on 2/12/07 at 10:00 am PT. The court will initiate the phone call and contact petitioner's csl at the phone numner indicated on the attached list. On ore before 1/24/07 the government is requested to inform the mediation office via fax 415-556-9725 of the name and phone number of the atty who will be representing the government at the conference. On or before 1/29/07, csl for petitioner shall submit a mediation statement of no more than 5 pages to the Circuit Mediator via fax. A copy of the mediation statement shall also be served on csl for respondent via fax (202-616-4948 attn: Va; Dickson). The mediation statement sahll contain brief statements of the following: (1) factual and procedural background; (b) issues to be raised |

in the petition for review; (c) whether petitioner is
eligible for some form of relief not raised in the instant
petition for review..and (d) any obstacles that may exist
to pursuing alternative forms of relief; and ideas for
overcoming them. Mediation statements are confidential and
shall not be filed with the court. Prior to the conference,
csl for respondent shall discuss with the client the issues
raised in petitioner's mediation statement. CSL FOR
RESPONDENT MAY FILE AN OPTIONAL RESPONSIVE MEDIATION
STATEMENT 5 DAYS BEFORE THE CONFERENCE VIA FAX. A COPY OF
THE RESPONSIVE MEDIATION STATEMENT SHOULD BE SERVED ON CSL
FOR PETITIONER.Contact info and the procedures governing
the mediation program are set out in the attached
memorandum. Csl should read the memorandum and provide a
copy to their clients. The parties are bound by the
confidentiality procedures. The briefing schedule
previously set by the court is vacated.  [06-73157] (ft)

Docket as of October 25, 2007 11:20 pm            Page 6

---

06-73157 Martinez-Madera, et al v. Gonzales

2/14/07        Filed order CONFATT (pws) On 2/12/07, a phone conference
               was held with Circuit Mediator Peter W. Sherwood. The
               briefing schedule previously set by the court is reset as
               follows: petitioner shall file an opening brief on or
               before 4/16/07; respondent shall file an answering brief on
               or before 5/16/07. On or before 3/22/07, csl for petitioner
               is requested to contact the undersigned to report on the
               status of the case.  [06-73157] (ft)

3/2/07         Rec'd notice of change of address from Juan Jose
               Martinez-Madera Petitioner dated 2/23/07. (New: CPC, 1115
               N. Imperial Ave, El Centro, CA 92243-1739)  [06-73157] (ft)

4/11/07        Filed order CONFATT  (PWS) The briefing schedule previously
               set by the court is reset as follows: petitioner shall file
               an opening brief on or before 5/31/07; respondent shall
               file an answering brief on or before 7/2/07; petitioner may
               file an optional reply brief on or before 7/16/07.
               [06-73157] (jjf)

5/29/07         Filed notice of appearance of Bennett G. Young Paul S.
               Jasper for petitioiner.  [06-73157] (ft)

6/1/07         Filed order CONFATT (PWS) The briefing schedule previously
               set by the court is reset as follows: petitioner shall file
               an opening brief on or before 6/14/07; respondent shall
               file an answering brief on or before 8/3/07; petitioner may
               file an optional reply brief on or before 8/27/07.
               [06-73157] (jjf)

6/14/07        Filed original and 15 copies Petitioner Juan Jose
               Martinez-Madera opening brief  ( Informal: n) 25 pages ;
               served on 6/14/07  [06-73157] (ft)

| | |
|---|---|
| 7/5/07 | Filed notice of appearance of Richard Evans Andrew Oliveria (Withdrew as counsel: attorney OIL for Alberto R. Gonzales [06-73157] (ft) |
| 8/6/07 | Filed original and 15 copies respondent Alberto R. Gonzales's 19 pages brief, ; served on 7/31/07 [06-73157] (ft) |
| 8/16/07 | Filed order CONFATT (PWS) The briefing schedule previously set by the court is amended as follows: petitioner shall file an optional reply brief on or before 9/10/07. [06-73157] (ln) |

Docket as of October 25, 2007 11:20 pm                     Page 7

---

06-73157 Martinez-Madera, et al v. Gonzales

| | |
|---|---|
| 9/10/07 | Filed order CONFATT (pws) The briefing schedule previously set by the court is amended as follows: petitioner shall file an opt reply brief on or before 9/14/07. The court has determined that this appeal will not be selected for inclusion in the Mediation Program. All further inquiries regarding this appeal, including requests for ext of time shouls be directed to the Clerk's office. Csl are requested to contact the undersigned should circumstances develop that warrant further settlement discussions while the appeal is pending., [06-73157] (ft) |
| 9/14/07 | Filed original and 15 copies Juan Jose Martinez-Madera reply brief, ( Informal: n ) 14 pages; served on 9/4/07 [06-73157] (ft) |
| 10/24/07 | Rec'd notice of change of address from Bennett G. Young for Petitioner Juan Jose Martinez-Madera dated 10/22/07. [06-73157] (ft) |

Docket as of October 25, 2007 11:20 pm                     Page 8

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/18/2007 09:34:04 | | |
| PACER Login: | du6338 | Client Code: |
| Description: | dkt report | Case Number: | 06-73157 |
| Billable Pages: | 8 | Cost: | 0.64 |

07CV2237_00053

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10 JUAN JOSE MARTINEZ-MADERA,        )   Case No. 07cv2237-JLS (WMC)
                                     )
11           Petitioner,             )
                                     )   DECISION TO CONTINUE DETENTION
12      v.                           )   (2006)
                                     )
13 MICHAEL B. MUKASEY, U.S. Attorney )
   General; et al.,                  )
14                                   )
             Respondents.            )
15 _____  )

16

17

18

19

20

21                      EXHIBIT G

22

23

24

25

26

27

28

*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, CA 92101



**U.S. Immigration
and Customs
Enforcement**

MARTINEZ Madera, Juan Jose                                    A14 647 093
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

Due to the violent nature of your crimes and the fact that you have failed to demonstrate that you will not pose a flight risk, it is not in the best interest of Immigration and Customs Enforcement to release you at this time.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____                    _____
Robert Culley, Deputy Field Office Director, San Diego, CA            Date

## POST ORI   R CUSTODY REVIEW W   RKSHEET

**Detainee Name:**    **MARTINEZ Madera, Juan Jose**

**AKA(s):**

**Date of Birth:**    January 27, 1953    **A Number:**    14 647 093

**Place of Birth:**    Mexico    **Nationality:**    Mexico

**Date of Last Arrival:** 12/22/1965    **Place of Arrival:** Calexico, CA.

**Status at Last Entry:** Immigrant    **Last Date into ICE Custody:** September 22, 2006

**Entered ICE Custody from:**    ☒    **Local, State, or Federal Institution**
**Institution Name/Location:**  Calipatria  State Prison
**BOP/ Institution Numbers:** K35225
☐    **Other:**

**Deportation Case Officer:**  Jesus Reyna    **Review Date:** August 25, 2006
**Contact Phone #:**    (760) 336-4754

**DCO:  ECC**
**Detained Location:**  El Centro Service Processing Facility, 1115 Imperial Ave, El Centro, CA

### Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒    Section 237 (a) (2)(A)(iii)
☐    Section 212 (a)
☐    Section 241 (a)

☒ Under <u>Final Order</u> dated:  By ☒ IJ  February 21, 2006   ☒ BIA May 30, 2006   ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed:  ☒ No   ☐ Yes

Stay Issued in Case: ☒ No  ☐ Yes

### Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes   ☒ No

**Notification of Review Made:**  ☐ No   ☒ Yes  **By:**   Eugene Parra (Deportation Officer)

**Name of Representative / Attorney:**
**Mailing Address:**    **Telephone Number:**

**Present during interview:**   ☐ Yes ☐ No

07CV2237_00056

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

On December 22, 1965, Mr. Martinez was admitted into the United States through Calexico, CA. as an Immigrant. On August 31, 2005, he was encountered by Deportation Officer Sanchez at Calipatria State Prison who questioned his legal status in the United States. After interviewing Mr. Martinez, Officer Sanchez determined that he was in violation of Immigration Law and served him with a Notice to Appear and charged him under Section 237(a)(2)(A)(iii) and placed him in 240 Proceedings. On September 22, 2005, Mr. Martinez came into ICE custody from Calipatria State Prison.

On February 21, 2006, an Immigration Judge ordered Mr. Martinez removed from the United States to Mexico as set forth on the Notice to Appear. Mr. Martinez reserved his right to appeal the Judge's decision. On March 07, 2006 he filed his appeal before the BIA. On May 30, 2006, the BIA dismissed the appeal in favor of the Agency, affirming the Judge's decision. On June 20, 2006, Mr. Martinez filed an appeal on that decision before the Ninth Circuit Court of Appeals. That case is currently pending with a Stay of Removal.

On June 05, 2006, Deportation Officer Villicana served Mr. Martinez with form I-229a and Instruction Sheet.

**NCIC Checks:**    ☒ Criminal History    ☐ No record Found
                   (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

Convicted on May 20, 1993, in the Superior Court of California in the county of Santa Clara, CA., for the offense of Terrorist Threats, in violation of Section 422 of the California Penal/Vehicle/Health & Safety Code. For this offense a Plea Bargain was entered.

Convicted on May 20, 1993, in the Superior Court of California in the county of Santa Clara, CA., for the offense of Battery, in violation of Section 242/243(a) of the California Penal/Vehicle/Health & Safety Code. For this offense a Plea Bargain was entered.

Convicted on October 25, 1996, in the Superior Court of California in the county of Santa Clara, CA., for the offense of Attempted Murder, in violation of Section 664(A)/187 of the California Penal/Vehicle/Health & Safety Code. For this offense a term of seven years was imposed.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**     ☐ Yes     ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**     ☐ Yes     ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: August 25, 2006

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1: Jesus Reyna     (Deportation Officer)

                                   #2:

**Interpreter Used:** (If subject was interviewed)     ☐ Yes     ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

> The review conducted on today's date is file review pursuant to the permanent custody review procedures published in the Federal Register on December 21, 2000. Therefore, a personal interview was not conducted.

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to **prevent** removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

The subject in question is from the country of Mexico; therefore there are no travel documents that need to be applied for.  As soon as the Ninth Circuit Court of Appeals issues an order, Mexico will accept their native citizen.

On June 05, 2006 form I-229a and Instruction Sheet was served on Mr. Martinez.

List ICE's attempts to obtain a travel document and status:

The subject in question is from the country of Mexico; therefore there are no travel documents that need to be applied for.  As soon as the Ninth Circuit Court of Appeals issues an order, Mexico will accept their native citizen.

**Does the detainee have a place to live in the United States?**  ☒ Yes  ☐ No
Jesus Gonzalez & Tomasa Madera (Parents)
51 Azul Court
Hollister, CA. 95023  Tel: (831) 637-1172

**Is the detainee subject to any parole or probation requirements?**  ☒ Yes  ☐ No
Mr. Martinez was released from State Prison and placed on Parole.  He is to
report to the Santa Clara, CA. Parole Office.

**Does the detainee have close family ties within the United States?**  ☒ Yes  ☐ No
Mr. Martinez has close family ties in the United States. Both his parents live
in California along with his siblings.  His father is a United States Citizen and
His mother is a Legal Permanent Resident.  His sister and brother are United States
Citizens.

**Does the detainee have community ties or non-governmental sponsors?**  ☒ Yes  ☐ No
Mr. Martinez claims to be a member of the Church of Faith in San Jose, CA.

**Does the detainee have any employment prospects?**  ☐ Yes  ☒ No
Mr. Martinez has not provided any documentation.

**What is the detainee's employment history?**
Mr. Martinez states that he has worked since he was 12 years old and has paid taxes on earned
income.  He says that the type of worked that he has performed has been seasonal.

**What is the detainee's educational level?**
Mr. Martinez has completed High School.

**Does the detainee have any vocational training?**  ☒ Yes  ☐ No
Please see attachments.

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Mr. Martinez has provided certificates and letters.

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes  ☒ No

**Description (to include Date and Source):**

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Mr. Martinez has submitted a packet containing both certificates and letters supporting his release from ICE custody.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☐ No          ☒ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☒ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

07CV2237_00061

## Officer �mments/Analysis & Recon...iendation

This officer has reviewed Mr. Martinez's file and history. Based on that review, I have concluded that if Mr. Martinez were to be release from ICE custody he would pose an immediate threat to the community. Mr. Martinez has a history of violent behavior. He was arrested and convicted of Domestic Violence in the year 1993. He was again arrested and convicted of Attempted Murder in the year 1996. for which he was ordered removed by an Immigration Judge.

I believe that the Ninth Circuit Court will soon dismiss his appeal and he will be ordered removed to Mexico. He has provided documentation that demonstrates his close ties in the United States. Nevertheless, the extreme violence and nature of his crimes make him an immediate danger to the community. There is a victim involved in this case, who happens to be his ex-spouse. Based on those facts, I believe that Mr. Martinez should remain in ICE custody pending the outcome of his Appeal.

| | |
|---|---|
| Jesus Reyna<br>Deportation Officer | Date: 8/22/06<br>Signature: |
| Johnny N. Williams, Supervisory Detention &<br>Deportation Officer for CAFC | Date: 8/26/06<br>Signature: |
| Miguel Munoz<br>Assistant Officer in Charge | Date: 08/22/2006<br>Signature: |
| Robert G. Rillamas<br>Assistant Field Office Director, ECC | Date: 8/24/06<br>Signature: R+ M. Rillamas, CONTINUE DETENTION DANGER TO COMMUNITY |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐   RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☒   CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐   CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

Robert Gurley, Deputy Field Office Director, San Diego, CA

9/1/0a
Date

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10  JUAN JOSE MARTINEZ-MADERA,       )    Case No. 07cv2237-JLS (WMC)
                                     )
11              Petitioner,          )
                                     )    DECISION TO CONTINUE DETENTION
12        v.                         )    (2007)
                                     )
13  MICHAEL B. MUKASEY, U.S. Attorney)
    General; et al.,                 )
14                                   )
                Respondents.         )
15  _____ )

16

17

18

19

20

21                           EXHIBIT H

22

23

24

25

26

27

28

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, CA 92101



U.S. Immigration
and Customs
Enforcement

MARTINEZ, Madera, Juan Jose
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have been arrested and convicted of Domestic Violence in the year 1993. You were again arrested and convicted for Attempted Murder in the year *1996*, and sentenced to State Prison for a period of eleven years. For that offense you were ordered removed by an Immigration Judge. You have exhausted all avenues of relief. Although, your case is before the Ninth Circuit Court of Appeals it is only a matter of time before they render a decision in our favor. Based on the aforementioned, you deemed an extreme danger to the community pursuant to 8CFR 241.14.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____        9/27/07
Robert Culley, Deputy Field Office Director, San Diego, CA              Date

# YEARLY POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**      **MARTINEZ Madera, Juan Jose**

**AKA(s):**

**Date of Birth:**      January 27, 1953      **A Number:**   14 647 093

**Place of Birth:**      Mexico      **Nationality:**   Mexico

**Date of Last Arrival:** 12/22/1965      **Place of Arrival:** Calexico, CA.

**Status at Last Entry:** Immigrant      **Last Date into ICE Custody:** September 22, 2006

**Entered ICE Custody from:**   ☒   **Local, State, or Federal Institution**
                                                                **Institution Name/Location:** Calipatria State Prison
                                                                **BOP/ Institution Numbers:** K35225
                                                      ☐   **Other:**

**Deportation Case Officer:**   Jesus Reyna      **Review Date:** September 21, 2007
      **Contact Phone #:**      (760) 336-4614

**DCO:  ECC**
**Detained Location:**   El Centro Service Processing Facility, 1115 Imperial Ave, El Centro, CA

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☒   Section 237 (a) (2)(A)(iii)
                                          ☐   Section 212 (a)
                                          ☐   Section 241 (a)

☒ Under <u>Final Order</u> dated: By ☒ IJ  February 21, 2006   ☒ BIA May 30, 2006   ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed:  ☒ No   ☐ Yes

Stay Issued in Case: ☒ No   ☐ Yes

## Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes   ☒ No

**Notification of Review Made:**   ☐ No   ☒ Yes  **By:**   Eugene Parra (Deportation Officer)

**Name of Representative / Attorney:**
**Mailing Address:**                              **Telephone Number:**

**Present during interview:**   ☐ Yes ☐ No

07CV2237_00065

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

On December 22, 1965, Mr. Martinez was admitted into the United States through Calexico, CA. as an Immigrant. On August 31, 2005, he was encountered by Deportation Officer Sanchez at Calipatria State Prison who questioned his legal status in the United States. After interviewing Mr. Martinez, Officer Sanchez determined that he was in violation of Immigration Law and served him with a Notice to Appear and charged him under Section 237(a)(2)(A)(iii) and placed him in 240 Proceedings. On September 22, 2005, Mr. Martinez came into ICE custody from Calipatria State Prison.

On February 21, 2006, an Immigration Judge ordered Mr. Martinez removed from the United States to Mexico as set forth on the Notice to Appear. Mr. Martinez reserved his right to appeal the Judge's decision. On March 07, 2006 he filed his appeal before the BIA. On May 30, 2006, the BIA dismissed the appeal in favor of the Agency, affirming the Judge's decision. On June 20, 2006, Mr. Martinez filed an appeal on that decision before the Ninth Circuit Court of Appeals. That case is currently pending with a Stay of Removal.

On June 05, 2006, Deportation Officer Villicana served Mr. Martinez with form I-229a and Instruction Sheet.

**NCIC Checks:**          ☒ Criminal History          ☐ No record Found
                              (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

Convicted on May 20, 1993, in the Superior Court of California in the county of Santa Clara, CA., for the offense of Terrorist Threats, in violation of Section 422 of the California Penal/Vehicle/Health & Safety Code. For this offense a Plea Bargain was entered.

Convicted on May 20, 1993, in the Superior Court of California in the county of Santa Clara, CA., for the offense of Battery, in violation of Section 242/243(a) of the California Penal/Vehicle/Health & Safety Code. For this offense a Plea Bargain was entered.

Convicted on October 25, 1996, in the Superior Court of California in the county of Santa Clara, CA., for the offense of Attempted Murder, in violation of Section 664(A)/187 of the California Penal/Vehicle/Health & Safety Code. For this offense a term of eleven years was imposed.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**     ☐ Yes     ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**     ☐ Yes     ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: September 21, 2007

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1: Jesus Reyna     (Deportation Officer)

                      #2:

**Interpreter Used:** (If subject was interviewed)     ☐ Yes     ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

The review conducted on today's date is file review pursuant to the permanent custody review procedures published in the Federal Register on December 21, 2000.  Therefore, a personal interview was not conducted.

07CV2237_00067

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to **prevent** removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

The subject in question is from the country of Mexico; therefore there are no travel documents that need to be applied for.  As soon as the Ninth Circuit Court of Appeals issues an order, Mexico will accept their native citizen.

On June 05, 2006 form I-229a and Instruction Sheet was served on Mr. Martinez.

List ICE's attempts to obtain a travel document and status:

The subject in question is from the country of Mexico; therefore there are no travel documents that need to be applied for.  As soon as the Ninth Circuit Court of Appeals issues an order of removal, he will be removed to his native country.

**Does the detainee have a place to live in the United States?**     ☒ Yes     ☐ No
Jesus Gonzalez & Tomasa Madera (Parents)
51 Azul Court
Hollister, CA. 95023  Tel: (831) 637-1172

**Is the detainee subject to any parole or probation requirements?**     ☒ Yes     ☐ No
Mr. Martinez was released from State Prison and placed on Parole.  He is to
report to the Santa Clara, CA. Parole Office.

**Does the detainee have close family ties within the United States?**     ☒ Yes     ☐ No
Mr. Martinez has close family ties in the United States. Both his parents live
in California along with his siblings.  His father is a United States Citizen and
His mother is a Legal Permanent Resident.  His sister and brother are United States
Citizens.

**Does the detainee have community ties or non-governmental sponsors?**  ☒ Yes     ☐ No
Mr. Martinez claims to be a member of the Church of Faith in San Jose, CA.

**Does the detainee have any employment prospects?**     ☐ Yes     ☒ No
Mr. Martinez has not provided any documentation.

**What is the detainee's employment history?**
Mr. Martinez states that he has worked since he was 12 years old and has paid taxes on earned
income.  He says that the type of worked that he has performed has been seasonal.

**What is the detainee's educational level?**
Mr. Martinez has completed High School.

**Does the detainee have any vocational training?**     ☒ **Yes**     ☐ **No**
Please see attachments.

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Mr. Martinez has provided certificates and letters.

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**     ☐ **Yes**     ☒ **No**

**Description (to include Date and Source):**

07CV2237_00069

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Mr. Martinez has submitted a packet containing both certificates and letters supporting his release from ICE custody.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☐ No      ☒ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☒ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

07CV2237_00070

## Officer Comments/Analysis & Recommendation

This officer has reviewed Mr. Martinez's file and history. Based on that review, I have concluded that if Mr. Martinez were to be release from ICE custody he would pose an immediate danger to the community. Mr. Martinez has a history of violent behavior. He was arrested and convicted of Domestic Violence in the year 1993. He was again arrested and convicted of Attempted Murder in the year 2006, and sentenced to State Prison for a period of eleven years. For that offense he was ordered removed by an Immigration Judge

Mr. Madera has exhausted all avenues of relief. His case is currently pending before the Ninth Circuit Court of Appeals. The Agency believes that it is only a matter of time before they render a decision in our favor. He is also from the country of Mexico, a country for which we do not need any travel documents for the removal of its citizens.

Mr. Madera is known to be a violent human being who disregards human life to please his beliefs. Upon speaking to him, he is yet to recognize any wrong doing, despite his conviction and admittance to the crime. He claims that his actions were warranted, based on his perceived circumstances. Based on the aforementioned, Mr. Madera is deemed an extreme danger to the community pursuant to 8CFR 241.14. Therefore, it is in the best interest of the Agency that he remains on continued detention, until his removal to Mexico can be executed.

| | |
|---|---|
| Jesus Reyna<br>Deportation Officer | Date: 9/24/07<br>Signature: |
| Luz T. Amarillas, Supervisory Detention &<br>Deportation Officer for ECC/SPC | Date: 9/24/07<br>Signature: |
| Miguel M. Munoz, Assistant Officer<br>in Charge for ECC/SPC | Date: 09/24/2007<br>Signature: |
| Robert G. Rillamas<br>Assistant Field Office Director, ECC/SPC | Date: 9/24/07<br>Signature: |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

07CV2237_00071

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐   RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☑   CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐   CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

_____        _____        9/27/87
                                                          Date

Robert M. Culley, Acting Field Office Director, San Diego, CA

(Rev. 1/19/05)                    Page 8

07CV2237_00072

**Decision of Post Order Custody Review – Detain**
A14 647 093   MARTINEZ Madera, Juan Jose
Page 2

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _____Jesus Reyes_____ , _____Deportation Officer_____ ,
                Name of ICE Officer                        Title

certify that I served _____MARTINEZ Madera, Juan Jose_____ with a copy of
                              Name of detainee

this document at _____CCA/SnD_____ on __10|22|06__ , at __1020 hrs__ .
                    Institution                  Date          Time

(b)    I certify that I served the custodian _____ ,
                                        Name of Official

_____ , at _____ , on
          Title                           Institution

_____ with a copy of this document.
         Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify
               Name of ICE Officer                    Title

that I served _____ and the custodian _____
             Name of detainee                       Name of Official

with a copy of this document by certified mail at _____ on _____ .
                                         Institution         Date

x Refused to sign

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

Witness _____ Deportation Officer.

**Decision of Post Order Custody Review – Detain**
A14 647 093   MARTINEZ Madera, Juan Jose
Page 2

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I  MARTINEZ Madera, Juan Jose, Deportation Officer ,
~~Name of ICE Officer~~ Name                                    Title

certify that I served _____ Jesus _____ with a copy of
~~Name of detainee~~

this document at _____ on _____, at _____.
                              Institution                              Date                    Time

(b)      I certify that I served the custodian _____,
                                                                      Name of Official

_____, at _____, on
          Title                                              Institution

_____ with a copy of this document.
          Date

## OR

**(2)      Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
                        Name of ICE Officer                              Title

that I served _____and the custodian _____,
                        Name of detainee                                  Name of Official

with a copy of this document by certified mail at ____ _____ on _____.
                                                                              Institution                    Date

( ) cc:  Attorney of Record or Designated Representative
( ) cc:  A-File

1 | KAREN P. HEWITT
United States Attorney
2 | RAVEN NORRIS
Assistant U.S. Attorney
3 | California State Bar No. 232868
Office of the U.S. Attorney
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-7157
E-mail: Raven.Norris@usdoj.gov
6 |
Attorneys for Respondents
7 |

8 |                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF CALIFORNIA
9 |
                                              )
10 | JUAN JOSE MARTINEZ-MADERA,      )         Case No. 07cv2237-JLS (WMC)
                                              )
11 |            Petitioner,          )
                                              )
                                              )          CRUIZ-ORTIZ v. GONZALES, No. 06-55654,
12 |     v.                          )         (9th Cir. Feb. 22, 2007)
                                              )
13 | MICHAEL B. MUKASEY, U.S. Attorney )
General; et al.,                     )
14 |                                 )
             Respondents.           )
15 | _____ )

16 |

17 |

18 |

19 |

20 |

21 |                              EXHIBIT I

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# FILED

NOT FOR PUBLICATION

FEB 22 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JAIME SANTIAGO CRUZ-ORTIZ,

Petitioner - Appellant,

v.

ALBERTO R. GONZALES, Attorney
General; MICHAEL CHERTOFF,
Secretary of the Department of
Homeland Security,

Respondents - Appellees.

No. 06-55654

D.C. No. CV-05-05421-JFW

MEMORANDUM*

---

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 5, 2007**
Pasadena, California

Before:    McKAY,*** KOZINSKI and TROTT, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    This panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Monroe G. McKay, Senior United States Circuit Judge
for the Tenth Circuit, sitting by designation.

page 2

The district court properly determined that the REAL ID Act stripped it of habeas jurisdiction over appellant's final order of removal, see Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006), and that appellant's habeas petition was a disguised attempt to challenge the validity of the removal order.  In any event, appellant is being voluntarily detained—upon his requested stay of removal—pending appeal of his final removal order.  The Supreme Court has explained that 8 U.S.C. § 1231(a)(2) requires such detention:  "After entry of a final removal order and during the 90-day removal period . . . aliens must be held in custody."  Zadvydas v. Davis, 533 U.S. 678, 683 (2001).

**AFFIRMED.**

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF CALIFORNIA
9
                                        )
10  JUAN JOSE MARTINEZ-MADERA,          )      Case No. 07cv2237-JLS (WMC)
                                        )
11              Petitioner,             )
                                        )
                                        )      BERNAL v. CHERTOFF, No. 06cv2184-JAH
12        v.                            )      (POR)
                                        )
13  MICHAEL B. MUKASEY, U.S. Attorney   )
    General; et al.,                    )
14                                      )
                Respondents.            )
15  _____    )

16

17

18

19

20

21                              EXHIBIT J

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10  JUAN CARLOS VALDEZ BERNAL,          )    Civil No. 06CV2184 JAH (POR)
                                        )
11                      Petitioner,     )    ORDER DENYING PETITIONER'S
        v.                              )    WRIT OF HABEAS CORPUS
12                                      )
    MICHELLE CHERTOFF, Secretary of     )    [Doc. No. 12]
13  the Department of Homeland Security,)
    et al.                              )
14                                      )
                        Respondents.    )
15  _____ )

16        Now pending before this Court is Petitioner Juan Carlos Valdez Bernal ("Petitioner")

17  petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition has been fully briefed

18  by the parties. After a careful consideration of the pleadings and relevant exhibits submitted,

19  and for the reasons set forth below, this Court DENIES the petition in its entirety.

20                              **BACKGROUND**

21        Petitioner, a native and citizen of Mexico, entered the United States in February 1968.

22  On August 8, 2001, Petitioner was convicted in the San Diego County Superior Court of

23  possession of heroin under Cal. Health and Safety Code § 11350(a), and was sentenced to 5

24  years in custody. Resp., Exh. at 1-2. On April 15, 2005, the Department of Homeland

25  Security's ("DHS") Immigration and Customs Enforcement ("ICE"), took custody of Petitioner

26  and placed him in removal proceedings, charging him with deportability under 8 U.S.C.

27  § 1227(a)(2)(B)(I). *See* Resp., Exh. at 2. Petitioner was held by DHS under the mandatory

28  detention provisions of 8 U.S.C. § 1226(c)(1)(B).

06cv2184

1

2          Petitioner appeared before the immigration judge on April 19, 2005. The immigration

3    judge issued an order on October 6, 2005, specifically finding that the Petitioner admitted all

4    of the allegations against him, but testified that he was the son of a U.S. citizen. Resp., Exh.

5    at 7-19. The immigration judge found that Petitioner was not a United States citizen. Id. at

6    7-10. The immigration judge also denied Petitioner's application for cancellation of removal

7    under 8 U.S.C. § 1229b(a) and his application for voluntary departure under 8 U.S.C. §

8    1129c(b). As such, on October 6, 2005, Petitioner was ordered removed to Mexico. Id. at 6,

9    18. Petitioner appealed to the Board of Immigration Appeals ("BIA") on February 28, 2006,

10   which upheld the immigration judge's decision. Resp., Exh. at 22-23.

11         On March 13, 2006, Petitioner filed a petition with the Ninth Circuit Court of Appeals

12   for review of the removal decision, and requested a stay of removal pending his appeal. On June

13   19, 2006 Petitioner's stay motion was granted. Resp., Exh. at 26. Pending the appeal, DHS

14   performed a custody review. On June 27, 2006, DHS issued a decision to continue detention

15   based on a determination that Petitioner failed to prove that he was not a flight risk. Resp., Exh.

16   at 31. DHS accordingly denied Petitioner's release pending a decision on his appeal. Id.  On

17   October 20, 2006, Petitioner requested an extension of time to file his appellate brief from

18   October 30, 2006 to December 15, 2006. Resp., Exh. at 27. The motion was granted. Id.

19         Petitioner filed the instant habeas petition on October 2, 2006. Doc. No. 1. Respondent

20   filed a return to the petition on March 8, 2007. Doc. No. 8. Petitioner filed a traverse on June

21   1, 2007. Doc. No. 10. On July 17, 2007, Petitioner submitted a status request.

22         Petitioner complains of his prolonged detention since March 13, 2006, the date he filed

23   his appeal to the Ninth Circuit. Pending appeal or further order of the Ninth Circuit Court of

24   Appeals, Petitioner's removal is stayed.

25

26

27

28

06cv2184

07CV2237_00080

1

2                                    <u>DISCUSSION</u>

3          Petitioner seeks release from DHS custody arguing that his prolonged detention is not

4    statutorily authorized. *See* Pet. at 2; Trav. at 2.  Petitioner further argues that pursuing his

5    judicial appeal in Mexico is far more difficult than pursuing it in the United States which is why

6    he requested to stay his removal proceedings.  Respondents, in their return to the petition,

7    contend that Petitioner's detention is lawful.  First, there have been no inordinate delays.

8    Second, Petitioner is being voluntarily detained after he sought, and received, a stay of removal

9    pending appeal of his final removal order.  Third, Petitioner's claim to United States citizenship

10   or an application for certificate of citizenship can be pursued from Mexico, Petitioner's

11   homeland.  Therefore, Respondent argues, Petitioner's habeas petition should be denied.

12   I.     **Legal Standard**

13         On May 11, 2005, Public Law 109-13 (the "REAL ID Act") was signed into law.

14   Section 106 of the REAL ID Act amends portions of the Immigration and Nationality Act,

15   8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders by mandating that

16   the exclusive means for review of challenges to a final order of removal, deportation or exclusion

17   is through a petition for review to the appropriate court of appeal.  *See* Publ.Law 109-13

18   § 106(a).  Thus, the REAL ID Act only allows the district court to conduct habeas review to an

19   alien's detention based on challenges that are independent of the issues surrounding removal.

20   *See* H.R.Rep. No. 109-72 (2005) ("section 106 would not preclude habeas review over challenges

21   to detention that are independent of challenges to removal orders.").  This Court finds it is not

22   precluded from determining whether Petitioner's detention pending his appeal to the Ninth

23   Circuit is lawful because such a determination is independent of a removability challenge.

24   II.    **Analysis**

25         The Ninth Circuit has determined that an appellant, such as Petitioner, was voluntarily

26   detained when he requested stay of removal pending his appeal of his final removal order. <u>Cruz</u>

27

28

     <u>Ortiz v. Gonzales</u>, 221 Fed. Appx. 531, 2007 WL 580670 (9th Cir. 2007). Petitioner's case can

07CV2237_00081

1  be distinguished from the cases he cites in his petition, and his situation is unique in that his

2  continued detention is a result of his own actions. Petitioner sought stay of his removal and

3  now seeks to be released from detention. The relevant cases cited by Petitioner can be readily

4  distinguished here. In Nadaraja v. Gonzales, 443 F.3d 1069, 1071 (9th Cir. 2006), the

5  immigration judge awarded the Sri Lankan national relief and the decision was affirmed by the

6  Board of Immigration Appeals. The national was not charged with a crime and despite having

7  prevailed on every administrative level of review, the government continued to detain him. In

8  another Ninth Circuit case, Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), the alien was

9  detained for two years and eight months during removal proceedings while the courts continued

10  to sort out whether his offenses actually fell within the reach of the mandatory detention statute.

11

12      Here, Petitioner's administrative proceeding has been completed. It lasted ten months

13  and was completed over one year ago. Instead, he is awaiting his pending judicial appeal–an

14  appeal that he has chosen to pursue in the United States. Because it was Petitioner's own doing

15  that he is still in detention here, there is no "detention by default" as it was in Tijani. Id. at

16  1244.

17      Petitioner further supports his argument citing Zadvydas v. Davis, 533 U.S. 678 (2001),

18  a case which is also readily distinguishable from Petitioner's case. The Court finds that the case

19  of Zadvydas case, is not analogous. In Zadvydas, again, it was the government's own actions

20  that resulted in the failure to deport the alien, id. at 678, whereas in the instant case it is

21  Petitioner's own actions that have resulted in his continued detention, i.e. Petitioner's request

22  to stay removal and request for extensions on his initial brief. Petitioner had the opportunity

23  to bring his suit in Mexico, but instead chose to litigate his case in the United States and now

24  requests that he be released from detention.

25      This Court undoubtedly recognizes that freedom from government custody lies at the

26  heart of individual liberty, id. at 690, and that immigrants, as well as citizens, are protected by

27  the Due Process Clause. However, the Court also finds that Petitioner has not been deprived

28

06cv2184

1   of individual liberty in the instant case where he chose to stay his removal proceedings. The

2   argument raised by Petitioner that it is more difficult to litigate his case from Mexico than in the

3   United States does not mitigate the fact that Petitioner has nevertheless voluntarily chosen to

4   be detained in a country while pursuing appeal. Accordingly, following the Ninth Circuit

5   decision in <u>Cruz-Ortiz</u>, this Court finds that Petitioner's detention is voluntary.

6

7                           **CONCLUSION AND ORDER**

8        Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of

9   habeas corpus regarding Petitioner's release is **DENIED**.

10

11  DATED: August 22, 2007

12
                                              HON. JOHN A. HOUSTON
13                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV2237_00083

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10  JUAN JOSE MARTINEZ-MADERA,       )    Case No. 07cv2237-JLS (WMC)
                                     )
11            Petitioner,            )
                                     )    ARTEGA v. GONZALES, No. 07cv1626-BEN
12       v.                          )    (CAB)
                                     )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                 )
14                                   )
              Respondents.           )
15  _____ )

16

17

18

19

20

21                          EXHIBIT K

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JEAN PIERRE ARTEAGA, | CASE NO. 07-CV-1626 BEN (CAB) |
| Petitioner, | **ORDER:** |
| vs. | **(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, [Doc. # 1]; and** |
| ALBERTO GONZALES, U.S. Attorney General, *et al.*, | **(2) DENYING MOTION FOR EXTENSION OF TIME TO FILE TRAVERSE, [Doc. # 15]** |
| Respondents. | |

### I. INTRODUCTION

Petitioner Jean Pierre Arteaga ("Petitioner" or "Arteaga") brought this Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. Petitioner seeks release from the custody of the Department of Homeland Security ("DHS"). For the reasons that follow, the Petition is **DENIED**.

### II. BACKGROUND

Petitioner was born in the city of San Salvador in El Salvador in 1976. He was granted United States permanent resident status in 1989. On February 20, 2002, Petitioner was convicted under section 11377(A) of the Health and Safety Code of California for the offense of possession of methamphetamine, and sentenced to two years in prison. (Decl. of Raven M. Norris in Sup. of

07CV2237_00085

1  Gov't's Return to Pet. ("Norris Decl."), Ex. B).  Petitioner was also convicted of an unlawful

2  taking and driving of a vehicle under California Vehicle Code Section 10851(a), and sentenced to

3  two years in prison.  *Id.*

4        On November 17, 2003, Immigration and Customs Enforcement ("ICE"), an investigative

5  branch of DHS, initiated removal proceedings against Arteaga.  ICE charged Petitioner with

6  deportability under 8 U.S.C. § 1227(a)(2)(B)(i), which provides for the deportation of an alien

7  convicted of violating any law relating to a controlled substance, and under 8 U.S.C. §

8  1227(a)(2)(B)(iii), as an alien convicted of an aggravated felony.  (Norris Decl., Ex. A).  ICE held

9  Arteaga in mandatory custody pursuant to 8 U.S.C. § 1226(c)(1)(B), pending his removal

10  proceedings before the Immigration Judge ("IJ").  *Id.*  On June 28, 2004, the IJ denied Arteaga's

11  application for cancellation of removal and his requests for asylum, withholding of removal, and

12  relief under the Convention Against Torture.  The IJ ordered Petitioner removed to El Salvador.

13  (Norris Decl., Ex. C).  Arteaga appealed the IJ's decision to the Board of Immigration Appeals

14  ("BIA").  The BIA upheld the IJ's decision.  (Norris Decl., Ex. D).

15        On January 20, 2005, Arteaga petitioned for review by the Ninth Circuit Court of Appeals

16  and obtained a stay of removal.  (Norris Decl., Ex. E).  On June 8, 2007, the case was argued

17  before and submitted to Stephen S. Trott and Johnnie Rawlinson, Circuit Judges, and Samuel P.

18  King, a District Judge for the District of Hawaii.  A decision has not yet been issued.  DHS has

19  conducted custody reviews and determined that Arteaga should remain in detention because he is a

20  flight risk and a danger to the community.  (Norris Decl., Exs. F-H).

21                        **III. LEGAL STANDARD**

22        Aliens "may be arrested and detained pending a decision on whether the alien is to be

23  removed from the United States."  8 U.S.C. § 1226(a).  Detention is mandatory for aliens who are

24  subject to removal due to certain types of criminal convictions, such as aggravated felonies or

25  crimes of moral turpitude.  *See* 8 U.S.C. § 1226(c).  After the entry of a final removal order and

26  during the 90-day removal period, aliens must be held in custody.  8 U.S.C. § 1231(a)(2).

27  Subsequently the government "may" continue to detain an alien or release that alien under

28  supervision.  8 U.S.C. § 1231(a)(6).

07cv1626

07CV2237_00086

1    An alien's post-removal-period detention is not "indefinite," but limited to "a period

2  reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v.*

3  *Davis,* 533 U.S. 678 at 689 (2001). The Supreme Court suggested that six months is an

4  unreasonable period of detention. *See id.* at 701. "[O]nce the alien provides good reason to

5  believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

6  Government must respond with evidence sufficient to rebut that showing." *Id.*

7                                   **IV. DISCUSSION**

8  **A.    Petition for Writ of Habeas Corpus**

9    The Petition is denied for the reasons discussed below.

10        **1.    Petitioner's Detention is Voluntary**

11    Arteaga is being detained voluntarily. The Ninth Circuit recently stated in an unpublished

12  opinion:

13        In any event, appellant is being voluntarily detained-upon his requested stay of removal-
          pending appeal of his final removal order. The Supreme Court has explained that 8 U.S.C.
14        § 1231(a)(2) requires such detention: "After entry of a final removal order and during the
          90-day removal period ... aliens must be held in custody."
15

16  *Cruz-Ortiz v. Gonzales,* 2007 WL 580670, 1 (9th Cir. 2007) (citing *Zadvydas,* 533 U.S. at 683).

17    Although the *Cruz-Ortiz* decision is not binding, it is instructive. "Unpublished

18  dispositions and orders of this Court are not precedent, except when relevant under the doctrine of

19  law of the case or rules of claim preclusion or issue preclusion." U.S. Ct. of App. 9th Cir. Rule

20  36-3. Rule 36-3 does not bar district courts from considering unpublished dispositions, but such

21  dispositions "are not binding, and at most, can only be persuasive authority." *See Herring v.*

22  *Teradyne, Inc.,* 256 F.Supp.2d 1118, 1128 (S.D. Cal. 2002); Fed. R. App. P. 32.1; U.S. Ct. of App.

23  9th Cir. Rule 36-3. This Court finds the reasoning of *Cruz-Ortiz* persuasive. This reasoning has

24  been followed by at least one other district court. *See Bernal v. Chertoff,* 06cv2184 JAH, slip. op.

25  (S.D. Cal. Aug 29, 2007).

26    The conclusion of *Cruz-Ortiz* is supported by the existence of alternatives for Arteaga's

27  pursuit of his Petition. "Even if a petition for review is filed, IIRIRA permits the INS to remove

28  aliens without delay after an unfavorable BIA decision, and it allows aliens to continue their cases

1   from abroad." *Zazueta-Carrillo v. Ashcroft,* 322 F.3d 1166, 1171 (9th Cir. 2003).  Removal or any

2   other departure from the United States would not prevent Arteaga from continuing his case.

3   Therefore the detention is attributable to Petitioner and not DHS.

4        Petitioner argues that he is not "to blame for the fact that respondents have locked him up

5   for nearly 48 months" because (1) he should not be forced to choose between submitting to

6   administrative detention and returning to a country he left as a four-year-old twenty seven years

7   ago; and (2) he should not be forced to choose between detention and litigating his claims,

8   including by means of appeal to the Ninth Circuit.  (*See* Pet'r's Traverse at 2:21-28).

9        The above "forced" choices, however, are merely options available to Arteaga based on the

10  applicable law and his criminal record.  Petitioner has been convicted of two felonies and ordered

11  removed.  (Norris Decl., Exs. B, C).  DHS has conducted custody reviews and determined that

12  Arteaga should remain in detention because he is a flight risk and a danger to the community.

13  (Norris Decl., Exs. F-H).  At this point in Arteaga's pursuit of his claims, he may remain in

14  detention in the United States or leave for El Salvador and prosecute his case from abroad.  There

15  is no contradiction between ICE's decision not to release Arteaga and his voluntary selection to

16  accept prolonged detention and litigate his claims from within the United States.  Arteaga may

17  choose to end his detention at any time by departing from this country.  Therefore he remains in

18  custody of his own will.

19       The unconstitutional conditions doctrine, urged by Petitioner, does not warrant a different

20  result.  The doctrine "limits the government's ability to exact waivers of rights as a condition of

21  benefits, even when those benefits are fully discretionary."  *U.S. v. Scott,* 450 F.3d 863, 866 (9th

22  Cir. 2006).  Petitioner cites a case he characterizes as "readily adaptable to civil detainees held by

23  ICE," stating that "[t]he right to keep someone in jail does not in any way imply the right to

24  release that person subject to unconstitutional conditions - such as chopping off a finger or giving

25  up one's first-born." *Id.* at 867.  Arteaga, however, is not required to make any sacrifices on the

26  above-described drastic scale.  As noted above, in case of his departure, he would be able to

27  litigate his claims from abroad.  Although it is possible that pursuing his case from El Salvador

28  may not be as easy as doing it from within the United States, Petitioner's avenues of relief will not

07CV2237_00088

1  be taken away.

2         Finally, Arteaga himself has not alleged that he would be left without a remedy in the event

3  of his departure from the United States.  Petitioner has applied for asylum, withholding of

4  removal, and for relief under the Convention Against Torture.  Arteaga argued that as a former

5  gang member, he will be persecuted and tortured in El Salvador.  The IJ and BIA rejected this

6  argument because although Petitioner provided evidence that heavily-tattooed former U.S. gang

7  members automatically come under the close scrutiny of the Salvadoran government, this evidence

8  did not establish that he would be persecuted or tortured.  (Norris Decl., Ex. D).  Therefore

9  Petitioner's return to El Salvador will not prevent him from pursuing his case.

10        Accordingly, Petitioner remains in custody of his own will.

11              **2.    The Holdings in *Tijani* and *Nadarajah***

12        Petitioner relies heavily on the Ninth Circuit decisions in *Tijani v. Willis,* 430 F.3d 1241,

13 1249 (9th Cir. 2005) and *Nadarajah v. Gonzales,* 443 F.3d 1069, 1078 (9th Cir. 2006).  These

14 decisions, however, are distinguishable from the present case.

15        The Ninth Circuit in *Tijani* and *Nadarajah* applied *Zadvydas* to the circumstances of the

16 detainees whose orders of removal were still subject to legal challenges.  In *Nadarajah*, the Ninth

17 Circuit found the five-year detention of a refugee, whose case was pending before the Attorney

18 General, to be unreasonable.  443 F.3d at 1080.  In *Tijani*, the court ordered an Immigration Judge

19 to release on bail the petitioner who had been detained for two years and eight months pending his

20 appeal under INA § 236(c), unless the Government could prove the petitioner was a flight risk or a

21 danger to the community.  430 F.3d at 1242.

22        The present case differs from the above decisions in significant aspects.  As discussed

23 above, Petitioner's detention is voluntary, whereas Tijani and Nadarajah were held under the

24 mandatory detention provisions.  Further, while Tijani and Nadarajah were held under 8 U.S.C. §

25 1226(c), Arteaga is held under 8 U.S.C. § 1226(a).  ICE continues to conduct periodic custody

26 reviews to determine whether Petitioner should be released pending a decision on his petition for

27

28

07CV2237_00089

1  review. (Norris Decl., Exs. F-G).[1]

2      Next, Arteaga's detention has been extended by his own pursuit of the petition for review.

3  *See Middleton v. Clark,* 2007 WL 1031725, 2 (W.D. Wash. 2007) ("unlike Nadarajah, the length

4  of petitioner's detention is not due to the Attorney General's significant delay, but rather to his

5  Petitioner for Review, and related stay of removal, which will take some time to resolve."). Tijani

6  and Nadarajah were subjected to mandatory detention by DHS pending administrative removal

7  proceedings, which had been extraordinarily prolonged. *See Tijani*, 430 F.3d at 1246; *Nadarajah*,

8  443 F.3d at 1073.

9      Finally, Arteaga has been convicted of two crimes. DHS has conducted custody reviews

10  and determined that Arteaga should remain in detention because he is a flight risk and a danger to

11  the community. (Norris Decl., Exs. F-H). Neither Tijani's nor Nadarajah's detention was the

12  result of a criminal conviction. *See Tijani*, 430 F.3d at 1243; *Nadarajah*, 443 F.3d at 1071.[2]

13      In sum, significant differences between the facts of the present action and those of *Tijani*

14  and *Nadarajah* warrant a different result for Arteaga.

15            **3.    Likelihood of Removal**

16      Because there exists a significant likelihood that Arteaga will be removed in the

17  foreseeable future, his detention is not indefinite. Release may be granted when an alien is

18  detained for six months or more without a "significant likelihood of removal in the reasonably

19  foreseeable future." *Zadvydas,* 533 U.S. at 701.

20      Unlike the detainees whose release was found appropriate, Arteaga is facing either a grant

21  of his petition or removal to a specific country. All efforts to deport Zadvydas from the United

---

23      [1]Petitioner argues that the difference in the statutory subsections does not matter, relying on
a case from the Central District of California. *See Martinez v. Gonzales,* 504 F.Supp.2d 887, 896
24  (C.D. Cal. 2007). Here, however, Respondent pointed out that Petitioner's custody reviews continue,
and release may be granted in the future. Further, *Martinez* noted that Nadarajah's release was
25  justified because his removal was not reasonably foreseeable. 504 F.Supp.2d at 896. As discussed
below, Arteaga's removal is reasonably foreseeable.

26      [2]The government also argues that the delay in *Tijani* and *Nadarajah* came from the
administrative portion of the proceedings, whereas Arteaga's administrative proceedings were
27  completed over two years ago and the continuing delay cannot be attributed to DHS. Tijani's
administrative proceedings had ended shortly before the oral argument at the Ninth Circuit. *See
28  Tijani,* 430 F.3d at 1247-48 & n. 7. The main portion of Arteaga's detention, however, occurred after
the BIA's decision and resulted from his filing of the petition with the Ninth Circuit. This portion of
the delay is therefore attributable to his own choice.

07CV2237_00090

1  States to any other country failed. *Id.* at 678. Nadarajah received a grant of asylum and his

2  removal was not reasonably foreseeable. *Nadarajah*, 443 F.3d at 1081.

3          In contrast, Arteaga has been denied all forms of relief from removal. Once his appeals are

4  completed, DHS will secure his travel documents for the repatriation to El Salvador. The

5  pendency of Arteaga's petition for review does not render removal unforeseeable. *See Soberanes*

6  *v. Comfort,* 388 F.3d 1305, 1311 (10th Cir. 2004). Therefore Arteaga's detention has an end-

7  point.

8                   **4.      Release under Federal Rule of Appellate Procedure 23(b)**

9          Petitioner's request for relief under Rule 23 is premature. "While a decision not to release

10  a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the

11  Supreme Court, or a judge or justice of either court" may order that the prisoner be released. Fed.

12  R. App. P. 23(b); *see also Nadarajah*, 443 F.3d at 1083 ("Also pending before the panel is

13  Nadarajah's renewed motion for release pending appeal. We have authority to order such a release

14  pursuant to Fed. R.App. P. 23(b)."). No decision regarding Petitioner's release has been issued at

15  this point, and no appeal of such decision is pending. Therefore at this stage Rule 23 is not

16  applicable.

17          Even if Rule 23(b) were applicable, Petitioner does not meet the standard articulated by the

18  Ninth Circuit for this type of relief:

19          the proper standard for evaluating a similar motion was "the traditional standard for interim
            injunctive relief, [according to which] the moving party 'must show either (1) a probability
20          of success on the merits and the possibility of irreparable harm, or (2) that serious legal
            questions are raised and the balance of hardships tips sharply in the moving party's favor.'
21          " As we have explained, "these two alternatives represent extremes of a single continuum,
            rather than two separate tests."
22

23  *Nadarajah,* 443 F.3d at 1083 (citations omitted). Arteaga has not shown a probability of success

24  on the merits. In the petition brought before the Ninth Circuit, he argued that his conviction for

25  joy-riding does not qualify as an aggravated felony for purposes of removal, because it was

26  categorically overbroad due to its inclusion of liability for accessories after the fact. (*See* Pet. at

27  9). Arteaga, however, was also convicted under section 11377(A) of the Health and Safety Code

28  of California for the offense of possession of methamphetamine, a deportable offense. *See*

    *Cruz-Aguilera v. I.N.S.,* 245 F.3d 1070, 1073 (9th Cir. 2001). ("Because we conclude that

                                         - 7 -                                        07cv1626

1   Cruz-Aguilera committed a deportable offense covered by INA § 237(a)(2)(B)(i)-possession of a

2   controlled substance-we dismiss his petition for direct review.").  Petitioner cites his continued

3   detention as the irreparable harm.  However, as concluded above, the detention is his voluntary

4   choice.  Similarly, Petitioner does not raise serious legal questions as to his claims, both because

5   he may choose to end the detention, and because his release is reasonably foreseeable.  For the

6   same reasons, the balance of hardships does not tip sharply in Arteaga's favor.

7         Accordingly, Arteaga is not entitled to the relief under Rule 23(b).

8   **B.      Motion for Extension of Time to File Traverse**

9         On November 2, 2007, Petitioner filed a motion for an extension of time to file a Traverse.

10  The request is dated October 23, 2007.  Because Petitioner filed his Traverse on October 31, 2007,

11  the motion for an extension is denied as moot.

12                          **V. CONCLUSION**

13        Based on the above, the fully-briefed Petition for Writ of Habeas Corpus is **DENIED**.

14  **IT IS SO ORDERED.**

15

16  DATED:  November 13, 2007

17

18                                                    Hon. Roger T. Benitez
                                                      United States District Judge

19

20

21

22

23

24

25

26

27

28

- 8 -

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10  JUAN JOSE MARTINEZ-MADERA,       )     Case No. 07cv2237-JLS (WMC)
                                     )
11              Petitioner,          )
                                     )
                                     )     SUPNET v. GONZALES, No. 06cv2169-JAH
12        v.                         )     (RBB)
                                     )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                 )
14                                   )
                Respondents.         )
15  _____ )

16

17

18

19

20

21                            EXHIBIT L

22

23

24

25

26

27

28

07CV2237_00093

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10    EUGENE SUPNET,                    )    Civil No. 06CV2169 JAH(RBB)
                                        )
11                   Petitioner,        )    **ORDER DENYING PETITION FOR**
      v.                                )    **WRIT OF HABEAS CORPUS**
12                                      )
      ALBERTO GONZALES, Attorney        )    [28 U.S.C. § 2241]
13    General, *et al.*,                )
                                        )
14                   Respondents.       )
                                        )
15    ————————————————————————          )

16                         **INTRODUCTION**

17         Currently pending before this Court is the petition for writ of habeas corpus filed by

18    petitioner Eugene Supnet ("petitioner") pursuant to 28 U.S.C. § 2241. The petition has been

19    fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits

20    submitted by the parties, and for the reasons set forth below, this Court DENIES the petition

21    for writ of habeas corpus in its entirety.

22                         **BACKGROUND**

23         Petitioner is a native and citizen of the Philippines. On March 14, 2004, petitioner was

24    detained by the Immigration and Customs Enforcement ("ICE"), an agency of the Department

25    of Homeland Security ("DHS"), for removal proceedings based on charges that petitioner is

26    removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony)

27    and 8 U.S.C. § 1227(a)(2)(E)(i) (alien convicted of a crime of child abuse). An immigration

28    judge ordered petitioner removed on May 17, 2005. The removal order became final when the

06cv2169

Bureau of Immigration of Appeals ("BIA") summarily affirmed the removal order on September 2, 2005. Petitioner, on October 3, 2005, filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals along with a motion to stay his removal pending the appeal. The Ninth Circuit granted petitioner's stay request on February 24, 2006. The petition for review remains pending before the Ninth Circuit.

The instant petition was filed on September 29, 2006. Respondent's return to the petition was filed on February 9, 2007 and petitioner's traverse was filed on April 20, 2007. The government also filed a notice of supplemental authority on April 23, 2007.

## DISCUSSION

In the instant petition, petitioner seeks release from custody, contending that he is being unconstitutionally detained for an indefinite period. Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, provides that once removal proceedings are complete, the detention and release of aliens shifts from INA § 236 to INA § 241, 8 U.S.C. § 1231, which directs that DHS endeavor to remove an alien within ninety days after the start of a removal period. 8 U.S.C. § 1231(a)(1)(A). Further, INA § 241 provides that:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). An alien ordered removed pursuant to convictions for certain criminal offenses,[1] may be detained beyond the ninety day removal period. 8 U.S.C. § 1231(a)(6). Aliens detained under Section 1231(a)(6) may seek release after the ninety day period has expired. Zadvydas v. Davis, 533 U.S. 678, 701(2001). Six months detention after the ninety day period has expired is considered "presumptively reasonable" unless the alien demonstrates that "there is no significant likelihood of removal in the reasonably foreseeable future. Id.

---

[1] Specifically, aliens found removable under sections 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2) or 1227(a)(4). Because petitioner was found removable under Section 1227(a)(2), this section applies to him.

07CV2237_00095

1    Petitioner contends that he is being detained longer than is statutorily or constitutionally

2 allowed because his detention has lasted longer than the presumptively reasonable six month

3 period announced in Zadvydas.  However, the six month presumptively reasonable time period

4 does not apply here because petitioner's ninety day removal period has not yet begun to run

5 since the Ninth Circuit's stay order is still in effect.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *see also*

6 Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001)("If the removal order is stayed

7 pending judicial review, the ninety-day [removal] period begins running after the reviewing

8 court's final order.").

9    Petitioner urges this Court to apply the rationale presented by the Ninth Circuit in

10 Nadaraja v. Gonzales, 443 F.3d 1069 (9th Cir. 2006) and Tijani v. Willis, 430 F.3d 1241 (9th

11 Cir. 2005), cases in which the Ninth Circuit determined the alien petitioner was being

12 unconstitutionally held for an indefinite period.  *See* Nadaraja, 443 F.3d at 1084; Tijani, 430

13 F.3d at 1241.  This Court finds these cases are inapplicable to this case because neither

14 Nadaraja or Tijani were aliens being voluntarily detained pursuant to their own requested stay

15 of removal.  *See* Cruz-Ortiz v. Gonzales, 221 Fed. Appx. 531, 2007 WL 580670 *1 (9th Cir.

16 2007).  As the Cruz-Ortiz court explained, Zadvydas clearly mandates aliens be held in custody

17 "'[a]fter entry of a final removal order and during the 90-day removal period ...'" Id. (quoting

18 Zadvydas, 533 U.S. at 683; *see also* Demore v. Kim, 538 U.S. 510, 531 (2003)("the

19 Government may constitutionally detain deportable aliens during the limited period necessary

20 for their removal proceedings.").  Petitioner, here, fits squarely into that category of aliens

21 requiring mandatory detention pending his appeal of the final removal order, a category that

22 petitioner voluntarily entered by requesting a stay of the removal order.

23    This Court finds that petitioner has failed to demonstrate his removal is not significantly

24 likely in the reasonably foreseeable future.  Rather, the only impediment to petitioner's removal

25 is his pending petition for review and related stay of removal.  Once the Ninth Circuit decides

26 his petition for review, the DHS will remove or release petitioner.  Thus, contrary to the

27 petitioner in Zadvydas, petitioner's detention is neither "indefinite" nor "potentially

28 permanent." Zadvydas, 533 U.S. at 690-91.  Therefore, this Court finds petitioner has failed

07CV2237_00096

to make a threshold showing of indefinite detention.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus is DENIED in its entirety. The Clerk of Court shall terminate this action.

Dated:      August 29, 2007

HON. JOHN A. HOUSTON
United States District Judge

4

06cv2169

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9
                                )
10  JUAN JOSE MARTINEZ-MADERA,   )      Case No. 07cv2237-JLS (WMC)
                                 )
11          Petitioner,          )
                                 )      VERDUGO-GONZALEZ v. RIDGE,
12       v.                      )      No. 07cv0402-LAB (CAB)
                                 )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,             )
14                               )
            Respondents.         )
15  _____ )

16

17

18

19

20

21                      EXHIBIT M

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                               **UNITED STATES DISTRICT COURT**

9                              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LEONARDO VERDUGO-GONZALEZ,               CASE NO. 07cv0402-LAB (CAB)

12                              Petitioner,    **ORDER DENYING**
                                               **28 U.S.C. § 2241 PETITION FOR**
13         vs.                                 **WRIT OF HABEAS CORPUS**

14   TOM RIDGE, Secretary of the
     Department of Homeland Security;
15   ALBERTO R. GONZALES, Attorney
     General; CAROL LAM, Director of San
16   Diego Field Office; BUREAU OF
     IMMIGRATION AND CUSTOMS
17   ENFORCEMENT, ROBERTO
     RILLAMAS, Officer in Charge,
18
                              Respondents.
19

20         Petitioner Leonardo Verdugo-Gonzalez ("Verdugo-Gonzalez" or "Petitioner"), a native

21   and citizen of Mexico, is a permanent resident lawfully admitted to the United States in

22   December 1985. Pet. p. 4.  He has filed a 28 U.S.C. § 2241 Petition for Writ of Habeas

23   Corpus ("Petition") alleging he has been unlawfully detained in the custody of the Secretary

24   of Homeland Security ("DHS") since February 2006, following his service of a sentence for

25   a felony conviction. Administrative proceedings resulted in an Order for his removal from the

26   United States. His Petition For Review of the final removal Order is currently pending before

27   the Ninth Circuit.  Verdugo-Gonzalez asks this court for interim release on grounds:  he

28   disputes his underlying conviction was for an aggravated felony; he contends a lawful

                                        - 1 -                         07cv0402

1  permanent resident should not be subject to Immigration and Nationality Act ("INA") § 236(c)

2  mandatory detention; and his purportedly mandatory detention violates his Fifth Amendment

3  due process rights. Id. The government filed a Return, and Verdugo-Gonzalez filed a

4  Traverse. For the reasons discussed below, the Petition is **DENIED**.

5  **I.     BACKGROUND**

6          The Bureau of Immigration and Customs Enforcement ("ICE") took Verdugo-

7  Gonzalez into custody for removal proceedings after he served time for a one-year and four

8  month sentence for a July 2003 conviction following his guilty plea to a violation of CAL.

9  PENAL CODE § 496(a), receiving stolen property. Pet. pp. 1-2; Traverse p. 3. The DHS

10  charged him with removability under INA § 237(a)(2)(A)(iii) and § 101(a)(43)(G) for having

11  been convicted of an aggravated felony, "based only on [the] 'receiving stolen properties

12  conviction,'" although he acknowledges "other convictions were [also] part of the record."[1]

13  Traverse p. 3. He applied for a cancellation of removal. In April 2006, an Immigration Judge

14  ("IJ") ordered him removed based on his criminal conviction. He appealed that result to the

15  Board of Immigration Appeals ("BIA"). The BIA adopted the IJ's reasoning and affirmed the

16  IJ's decision, finding Verdugo-Gonzalez did not carry his burden under 8 C.F.R. § 1240.8(d),[2]

17  and his conviction was for an aggravated felony rendering him statutorily ineligible for

18  cancellation of removal. Return Exh. E, pp. 1-2. He challenges that result as erroneous,

19  arguing receiving stolen property is not a serious or violent felony, and he further argues he

20  has been wrongfully denied bail.

21          In a 10-page written Decision and Order, the IJ reviewed the facts of Verdugo-

22  Gonzalez's theft offense and plea admissions. Relying on the documentary record and

23  pursuant to INA § 101(a)(43)(g) (providing a theft offense, including receipt of stolen property

24  _____

25          [1]  The IJ had before him a record "that the respondent was convicted on July 16, 2003 for
     violation of Section 11377(a) of the California Health and Safety Code for possession of
26  methamphetamine," including the abstract of judgment, the felony complaint charging Petitioner with
     the crime, and relevant plea documents. Return Exh. D, p. 2.
27

28          [2]  "If the evidence indicates that one or more of the grounds for mandatory denial of the
     application for relief may apply, the alien shall have the burden of proving by a preponderance of the
     evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

07CV2237_00100

1  for which the sentence is one year or more, qualifies as an aggravated felony), the IJ found

2  Verdugo-Gonzalez is disqualified for statutory relief from removal.  Return Exh. D, pp. 4-9.

3  Verdugo-Gonzalez filed in the Ninth Circuit a Petition For Review of the agency decision.

4  He requested and was "granted a stay of deportation" associated with those proceedings.

5  Pet. pp. 4-5, 7; Traverse p. 3. He now seeks habeas corpus relief from this court in the form

6  of release from custody while he awaits the Ninth Circuit's ruling.  Pet. p. 7.

7       Respondents challenge the availability of habeas relief in Petitioner's circumstances.

8  Dkt No. 8. They argue Verdugo-Gonzalez's detention pending judicial review of his case is

9  voluntary, foreclosing habeas review because he is no longer subject to mandatory detention

10  under 8 U.S.C. § 1226(c) and is not yet subject to mandatory detention under 8 U.S.C. §

11  1231(a)(2). Rather, he is subject to DHS discretionary detention under 8 U.S.C. § 1226(a),

12  and bond decisions are beyond the scope of habeas proceedings.[3]

13  **II.    DISCUSSION**

14       Before the court can reach Petitioner's arguments on the merits, it must address its

15  own jurisdiction to consider a 28 U.S.C. § 2241 petition for the relief requested. The "REAL

16  ID Act," Pub. Law 109-13 enacted May 11, 2005, amended portions of the INA, 8 U.S.C.

17  § 1252 and clarified the scope of judicial review of removal orders.  Verdugo-Gonzalez

18  acknowledges those amendments establish the exclusive means to challenge a final Order

19  of removal, deportation, or exclusion is through a petition for review filed with the appropriate

20  court of appeal, including such Orders against an alien "who is removable by reason of

21  having committed" an aggravated felony. Traverse pp. 9-10; *see* 8 U.S.C. § 1252(a)(2)(C).

22  His "arguments against removal" (Traverse p. 11) accordingly must be decided there.

23  However, in appropriate circumstances, the district courts retain habeas jurisdiction over the

24  lawfulness of concurrent *detention* challenges because the propriety of detention is a

25  consideration independent of removability.

26

27       [3] The court need not address Respondents' suggestion it "transfer to the United States Court
of Appeals for the Ninth Circuit the portions of this case that challenge the final administrative order
28  of removal" because, as they also note, Verdugo-Gonzalez's petition for review is already pending
there.  Return 13:10-14, n.8.

- 3 -                                         07cv0402

1    Although it is for the Ninth Circuit rather than this court to review the removal Order

2 or to recharacterize the nature of his criminal conviction, applying statutory definitions,

3 Verdugo-Gonzalez's conviction appears on its face to have been for an aggravated felony

4 as defined for immigration purposes, contrary to his assertion.[4]  *See* Alvarez-Barajas v.

5 Gonzales, 418 F.3d 1050, 1051-52 (9th Cir. 2005) (IIRIRA "expanded the definition of

6 aggravated felonies to include receipt of stolen property if the term of imprisonment was at

7 least one year and made this change retroactive").[5]  This court merely observes the

8 inference Verdugo-Gonzalez apparently would have it draw from his argument challenging

9 the characterization of his conviction (*i.e.,* a purported likelihood he may prevail in the Ninth

10 Circuit) as affecting the merits of his request for interim habeas relief is neither appropriately

11 drawn nor persuasive.

12    Addressing only those portions of the Petition within the jurisdictional scope of

13 28 U.S.C. § 2241 review, the court finds Verdugo-Gonzalez's arguments in support of interim

14 habeas relief are without merit.  Section 236 of the INA (8 U.S.C. § 1226) provides that once

15 the agency's removal proceedings are "complete," procedures regarding detention and

16 release of aliens are controlled by INA § 241 (8 U.S.C. § 1231).  Section 241 directs the

17 agency to endeavor to remove an alien within 90 days after the start of the removal period.

18 8 U.S.C. § 1231(a)(1)(A). Verdugo-Gonzalez's detention gives rise to no concern associated

19 with the codified "removal period" duration because it has not yet been triggered.

20         The removal period begins on the latest of the following: (i) The
            date the order of removal becomes final. (ii) If the removal order
21          is judicially reviewed and if a court orders a stay of the removal
            of the alien, the date of the court's final order. (iii) If the alien is
22 \\

23 

24    [4]  Verdugo-Gonzalez relies on Bell v. Reno, 218 F.3d 86 (2nd Cir. 2000) for the proposition:
     "The jurisdictional issue thus merges with the question on the merits: If Petitioner is in fact removable
25   because he was convicted of an aggravated felony as defined by subsection . . . , we must dismiss
     his petition for lack of jurisdiction, while if he is not removable under these subsections, we may
26   exercise jurisdiction and vacate the order of removal." Traverse 10:10-18, *also citing* Ye v. INS, 214
     F.3d 1128 (9th Cir. 2000). However, those opinions emanate from courts of appeal deciding petitions
27   for review, not from district courts in habeas corpus proceedings.

28    [5]  Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208,
     110 Stat. 3009 ("IIRIRA"); *see* 8 U.S.C. § 1101(a)(43)(G) (encompassing receipt of stolen property
     in the aggravated felony definition).

- 4 -                                                    07cv0402

1       detained or confined (except under an immigration process), the
      date the alien is released from detention or confinement.

2

3  8 U.S.C. § 1231(a)(1)(B); see Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) ("If

4  [as here] the removal order is stayed pending judicial review, the ninety-day [removal] period

5  begins running after the reviewing court's final order").

6     Moreover, although an alien may not pursue a defense from outside the United States

7  during administrative proceedings, an appeal of a removal Order through a petition for

8  judicial review by the circuit courts may be pursued from outside the United States. See 8

9  U.S.C. §§ 1229(b)(5), 1252(b)(3)(b); see also Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir.

10  2004) ("We may . . . entertain a petition after the alien has departed"). Verdugo-Gonzalez

11  successfully sought a stay of removal while he pursues his judicial remedies on the merits

12  of his challenges to the removal Order. His current detention is accordingly of his own

13  choosing and is subject to the provisions of Section 236 of the INA (8 U.S.C. § 1226(c))

14  according agency discretion on the issue of interim releases. His contention that provision

15  has been found to be unconstitutional as applied to lawful permanent resident aliens relies

16  on distinguishable cases. Pet. p. 11. He purports to demonstrate, relying inter alia on the

17  standards discussed in Zadvydas v. Davis, 533 U.S. 678 (2001) and Demore v. Kim, 538

18  U.S. 510 (2003), that as a lawful permanent resident, his "indefinite mandatory detention"

19  violates due process.[6] Traverse 4:1-27. However, those characterizations – i.e., his

20  detention is "mandatory" and "indefinite" – are inaccurate. When the Ninth Circuit decides

21  his Petition For Review, he will either be removed from the United States or released. Unlike

22  in Zadvydas, he raises no issue associated with any impediment to his ultimate removal

23  should he not prevail in the Ninth Circuit.[7]

24  ————————————

25   [6] The duration of his detention does not trigger the concerns associated with the expiration
of presumptively reasonable removal periods because: (1) the statutory 90-day removal period will
not begin to run until the Ninth Circuit issues its final Order deciding his petition; and (2) the six-

26  month period deemed constitutionally reasonable thereafter, as discussed in Zadvydas, does not
begin to run until the 90-day statutory period has elapsed.

27

28   [7] Verdugo-Gonzalez's reliance on Tijani v. Willis, 430 F.3d 1241 (9th Cir. .2005) is also
misplaced. The Tijani court expressly avoided the constitutional issue presented by that alien's
detention for a period exceeding two years and eight months, relying instead on the "expeditious"

    07cv0402

1    With respect to Verdugo-Gonzalez's argument he should be released on bond

2  because he poses no flight risk, poses no present danger to property or persons, and the

3  government has not provided any other "special justification" to warrant his continued civil

4  detention (Pet. pp. 8-12. ), judicial review of such discretionary decisions is not properly

5  addressed in habeas corpus proceedings.  See Singh v. Ashcroft, 351 F.3d 435, 439 (9th

6  Cir. 2003) ("The scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that

7  allege constitutional or statutory error in the removal process").  Challenges to factual

8  determinations by an agency or discretionary decisions such as whether to grant bond,

9  irrespective of the wisdom of such decisions, are beyond the limited jurisdiction of the court's

10  28 U.S.C. § 2241 habeas review. See Gutierrez-Chavez v. I.N.S., 298 F.3d 824, 829-30 (9th

11  Cir. 2002) (habeas petitions that do not "allege constitutional or statutory error in the removal

12  process" but "simply seek to change the discretionary result reached by the INS are not

13  within the scope of § 2241 and should be denied").  Unlike the petitioners in Zadvydas and

14  Demore, Verdugo-Gonzalez is not being held for an indefinite or potentially permanent

15  period.  Respondents observe the duration of the judicial review proceedings Verdugo-

16  Gonzalez initiated "are beyond the administrative control of the Government."  Return 3:10-

17  13.  His custody in the meantime is accordingly not attributable to any action by the agency

18  beyond the scope of its statutory prerogatives.  For all the foregoing reasons, **IT IS HEREBY**

19  **ORDERED** the Petition is **DENIED**.

20    **IT IS SO ORDERED**.

21  DATED:  January 16, 2008

22

23    _Larry A. Burns_

    **HONORABLE LARRY ALAN BURNS**
    United States District Judge

24

25

26  _____

27  language of 8 U.S.C. § 1226(c) and the government's dilatory response to the appeal. Tijani, 430
    F.3d at 1242.  The Tijani case is also distinguishable because the court ordered that alien be granted

28  a hearing "before an Immigration Judge with the power to grant him bail. . . ." Id. In this case, "ICE
    continues to conduct custody determinations regarding whether petitioner should be released while
    his appeal is pending before the Ninth Circuit." Return 3:6-7.

- 6 -