1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   880 Front Street, Room 6293
4  San Diego, California 92101-8893
   Email: Raven.Norris@usdoj.gov
5  Telephone: (619) 557-7157

6
   Attorneys for the Respondents
7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10 | JUAN JOSE MARTINEZ-MADERA, ) | Civil No. 07 cv 2237 JLS (WMc)
11 |                    Petitioner, ) | **EX PARTE** APPLICATION TO DISMISS
   |                                ) | OR ALTERNATIVELY SET TIME AND
12 |        v.                      ) | DATE FOR HEARING ON MOTION TO
   |                                ) | CERTIFY CLASS ACTION
13 | MICHAEL CHERTOFF, Secretary of )
   | Department of Homeland Security, et al.,) | [Civ. L. R. 41.1(b); 7.1; 5.1]
14 |                                )
15 |                    Respondents. )
16

17    On November 26, 2007, Petitioner filed a Petition for Writ of Habeas Corpus seeking release
18 from Department of Homeland Security custody ("DHS") pending resolution of the Ninth Circuit's
19 review of his final removal order.  On December 5, 2007, the Court issued an order to show cause,
20 granting the Government until Friday, January 4, 2008, to file a return.  However, Petitioner failed to
21 serve the United States Attorney.  Therefore, the U.S. Attorney's Office did not become aware of the
22 Petition until December 7, 2007, after issuance of this Court's order.  On December 18, 2007, the
23 Government requested a one-month extension of time to file its return, which the Court granted.  In
24 accordance with the new briefing schedule, the Government filed a return in opposition to the habeas
25 claim on February 1, 2008. Under the new schedule, Petitioner's traverse was due on February 29, 2008
26 but Petitioner sought an extension of time in which to file.  To date, the Court has not ruled on the
27 extension request, and Petitioner has not filed a traverse.  However, once a traverse is filed, the habeas
28 claim will be fully briefed and ready for determination on the merits by the Court.

1   On January 14, 2008, after this Court's order to show cause, but prior to submission of the Government's Return, Petitioner filed a Motion to Certify as Class Action the above habeas claim ("Motion"). Petitioner initially failed to serve the United States Attorney. Therefore, the U.S. Attorney's Office did not become aware of the Motion until January 28, 2008 when petitioner mailed a copy of the motion to the attention of the undersigned counsel. Petitioner's Motion also failed to comply with this Court's Civil Local Rules. Specifically, Petitioner failed include a Notice of Motion and a time and date for hearing on the Motion pursuant to Civil Local Rule 5.1 ("Rule 5.1"). Petitioner also failed to include a Memorandum of Points and Authorities in support of the Motion pursuant to CivLR 7.1 ("Rule 7.1"). Accordingly on March 1, 2008, this Court issued a discrepancy order on Petitioner's Motion for failure to comply with Local Rules. The Court accepted the Motion *nunc pro tunc*.

Rule 7.1 states that "a movant's failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the court." CivLR 7.1(f)(b). Further, CivLR 41.1 provides that "failure to comply with the provisions of thelocal rules of this court may also be grounds for dismissal." CivLR 41.1(b). Here, Petitioner has not corrected the discrepancies identified by the Court to date. Specifically, Petitioner's Motion continues to lack a memorandum of point and authorities in support as a separate document in violation of Rule 7.1. Petitioner's Motion also continues to lack a time and date on the Motion and/or supporting documentation in violation of Rule 5.1. It is well settled that a district court may dismiss an action or motion based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, dismissal of a case."); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissing action for non-compliance with local rule). Accordingly, the Government respectfully requests that this Court deem Petitioner's Motion to Certify Class Action as waived under Rule 7.1 or dismiss the Motion pursuant to Rule 41.1.

///

///

1     Alternatively if the Court determines that the Motion should not be dismissed, the Government
2 requests that the Court set a time and date for hearing in order to permit the Government an opportunity
3 to oppose class certification under Fed. R. Civ. P. 23.

4     Dated: March 7, 2008                          Respectfully submitted,

6                                           KAREN P. HEWITT
                                           United States Attorney

8                                           s/ Raven M. Norris
                                          RAVEN M. NORRIS
9                                           Assistant U.S. Attorney
                                          Attorneys for Respondents
10                                          Email: Raven.Norris@usdoj.gov