# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE MARTINEZ-MADERA,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; MICHAEL B. MUKASEY, Attorney General; JULIE L. MYERS, Assistant Secretary, Board of Immigration and Customs Enforcement (ICE); ROBIN BAKER, San Diego ICE-Field Office District Director; ROBERT G. RILLAMAS, Assistant ICE District Director–El Centro Field Office; JOEL MATA, Supervisor of Deportation Officers, El Centro Processing Center,<br><br>　　　　　　　　　Respondents. | CASE NO. 07CV2237 JLS (WMc)<br><br>**ORDER (1) GRANTING EXTENSION OF TIME TO FILE TRAVERSE, (2) DENYING EX PARTE MOTION TO DISMISS OR SET HEARING DATE, and (3) DIRECTING RESPONDENTS TO SHOW CAUSE WHY COURT SHOULD NOT GRANT MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. Nos. 12, 19) |

## BACKGROUND

On November 26, 2007, petitioner Juan Jose Martinez-Madera ("petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) On December 5, 2007, the Court ordered respondents to show cause why the petition should not be granted. (Doc. No. 4.) In its Order to show cause, the Court denied without prejudice petitioner's motion for

appointment of counsel to assist him in prosecuting his § 2241 petition. (Id. at 2:2-24.) Respondents requested and received an extension of time to file their return to the petition. (Doc. Nos. 6-7.) Presently before the Court is petitioner's request for a one-month extension to file his traverse. (Doc. No. 12.) Petitioner filed his request on February 19, 2008, prior to the traverse deadline, and cited his unfamiliarity with law and computers and limited access to the law library. (Id.)

On January 22, 2008, petitioner filed a motion for class certification of similarly situated detainees subject to indefinite detention by the Board of Immigration and Customs Enforcement and the Department of Homeland Security. (Doc. No. 18.) Petitioner's motion was likewise accompanied by a motion for appointment of counsel, which stated that petitioner "w[ould] be unable to effectively articulate and state his claims" if he had to proceed pro se. (Doc. No. 14.) Presently before the Court is respondents' ex parte application to dismiss the motion for class certification for failure to comply with the Local Rules or, in the alternative, to set a hearing date and time so that respondents may file their opposition. (Doc. No. 19.)

### MOTION FOR EXTENSION TO FILE TRAVERSE

Where a party must act within a specified time and requests an extension before the specified time expires, the Court may extend the time for good cause. Fed. R. Civ. P. 6(b)(1)(A). Here, petitioner filed his request for an extension prior to the February 29, 2008 deadline for filing the traverse. In light of the reasons stated in petitioner's motion, the Court finds good cause and **GRANTS** petitioner an extension until March 31, 2008 to file his traverse.

### EX PARTE APPLICATION ON CLASS CERTIFICATION MOTION

Respondents ask the Court to dismiss petitioner's motion for class certification because petitioner failed to comply with the Local Rules by not including a notice of motion with a time and date for hearing and by failing to include a memorandum of points and authorities. The Court finds that its authority to dismiss a motion for failure to comply with the Local Rules is discretionary. See Civ. L.R. 41.1(b) ("failure to comply with the provisions of the local rules of this court may also be grounds for dismissal") (emphasis added). The Court declines to exercise that authority here and **DENIES** respondents' request to dismiss the motion for class certification

1  for failure to comply with the Local Rules.

2  At this time, the Court also **DENIES WITHOUT PREJUDICE** the respondents' request
3  to set a time and date for hearing the motion for class certification. Instead, the Court **ORDERS**
4  respondents to show cause why the Court should not appoint counsel to assist petitioner in briefing
5  the motion for class certification. As discussed in a prior Order, this Court has discretion to
6  appoint counsel for petitioner in "exceptional circumstances," an inquiry which requires the Court
7  to consider "'the likelihood of success on the merits and the ability of the plaintiff to articulate
8  [his] claims pro se in light of the complexity of the legal issues involved.'" Terrell v. Brewer, 935
9  F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.
10 1986)). In previously denying petitioner's motion for appointment of counsel with respect to his
11 individual § 2241 petition, the Court observed that a motion for class certification would amount
12 to "a procedural maneuver that would make the legal issues considerably more complex[.]" (Doc.
13 No. 4, at 2:18-19.) The Court must now decide whether this case—and the motion for class
14 certification, specifically—now provides the "exceptional circumstances" making it appropriate
15 for the Court to appoint counsel. The Court intends to decide the issue of appointment of counsel
16 before the Court decides the motion for class certification.

## CONCLUSION

18  The Court **GRANTS** petitioner's request for an extension to file his traverse. Petitioner
19 **SHALL FILE** the traverse on or before March 29, 2008.

20  The Court **DENIES** respondents' ex parte application to dismiss petitioner's motion for
21 class certification or, in the alternative, to set a time and date for hearing petitioner's motion for
22 class certification. Instead, respondents **SHALL FILE** a return to the Court's Order to show
23 cause why the Court should not grant petitioner's motion for appointment of counsel to assist
24 petitioner with the present motion for class certification. Respondents' return **SHALL NOT**
25 **EXCEED** seven (7) pages, exclusive of any supporting evidence, and **SHALL BE FILED** within
26 two (2) weeks of the date that this Order is electronically docketed.

27 //

28 //

1     IT IS SO ORDERED.

2

3   DATED: March 14, 2008

                                                  *Janis L. Sammartino*
                                            Honorable Janis L. Sammartino
                                            United States District Judge

- 4 -

07cv2237