KAREN P. HEWITT
United States Attorney
RAVEN M. NORRIS
Assistant U.S. Attorney
California State Bar No.  232868
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7157

Attorneys for the Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN JOSE MARTINEZ-MADERA, | ) | Civil No. 07 cv 2237 JLS (WMc) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | GOVERNMENT'S RETURN TO COURT'S |
| | ) | ORDER TO SHOW CAUSE WHY MOTION |
| MICHAEL CHERTOFF, Secretary of | ) | TO APPOINT COUNSEL SHOULD NOT BE |
| Department of Homeland Security, et al., | ) | GRANTED |
| | ) | |
| | ) | |
| R e s p o n d e n t s . | ) | |

I.

INTRODUCTION

On March 14, 2008, this Court ordered Respondent's to show cause why Petitioner's renewed Motion to Appoint Counsel should not be granted. [Doc. 20 at 3.].  It is Department of Justice policy to not take a position in response to a Motion to Appoint Counsel.  Accordingly, the Government does not support or oppose Petitioner's Motion to Appoint Counsel.  However, because the Court's decision depends in part on Petitioner's likelihood of success on the merits of his recently filed Motion to Certify as Class Action his individual habeas action ("Class Certification Motion"), [Doc. 20 at 3], the Government seeks to present its position on Petitioner's likelihood of success on the merits. The Government asserts that Petitioner is unlikely to succeed on the merits of the Class Certification Motion because the Court lacks jurisdiction under 8 U.S.C. §1252(f)(1) to issue the class relief requested and because the proposed class cannot satisfy Fed R. Civ. P. 23 requirements.

II.

STATEMENT OF THE CASE

As summarized in this Court's March 14, 2008 Order, [Doc. 20 at 1-2], on November 26, 2007, Petitioner filed a Petition for Writ of Habeas Corpus seeking release from Department of Homeland Security custody ("DHS") pending resolution of the Ninth Circuit's review of his final removal order. Petitioner also filed a Motion to Appoint Counsel, which the Court denied without prejudice on December 5, 2007. Once Petitioner's traverse is filed,[1] the individual habeas claim will be fully briefed and ready for determination on the merits.

In addition to the adjudication of the merits of his petition, Petitioner seeks to certify his individual habeas action as a class action.  Plaintiff seeks class-wide declaratory and injunctive relief on behalf of all civil immigration detainees in this district.  See Class Certification Motion at 1.  In connection with the Class Certification Motion, Petitioner renewed his Motion to Appoint Counsel.

///

---

[1]     On March 7, 2008, Petitioner served a copy of his Traverse on Respondents and undersigned counsel by mail.  However, there was no electronic notification of the filing and there is no record of the traverse being filed with the Court. Accordingly, Counsel assumes that the traverse has not yet been filed with the Court and that Petitioner has until March 29, 2008 to perfect his filing. [Doc. 20 at 3].

II.

ARGUMENT

A.     PETITIONER IS UNLIKELY TO SUCCEED ON THE MERITS OF HIS MOTION TO CERTIFY CLASS ACTION BECAUSE THE COURT LACKS JURISDICTION UNDER 8 U.S.C. § 1252(f)(1) TO ISSUE THE CLASS RELIEF REQUESTED

Petitioner seeks class-wide injunctive relief requiring Respondents to either release Petitioner and the putative class or provide the putative class with a hearing before an immigration judge. Petitioner's Habeas Corpus Petition at 16.  However, the plain language of Section 1252(f)(1) divests this Court of subject matter jurisdiction to issue the relief requested.  See 8 U.S.C. § 1252(f)(1). Specifically, 8 U.S.C. § 1252(f)(1), entitled "Limit on injunctive relief," clearly states that when any person seeks to enjoin the operation of the provisions of Part IV, a district court does not have jurisdiction to hear such claims unless they pertain to the application of these provisions to an *individual* alien, and not to an individual class representative or to a class as a whole:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter [8 U.S.C. §§1221-1231], as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

INA § 242(f)(1), 8 U.S.C. § 1252(f)(1). Accordingly, to the extent that Petitioner or a putative class-member alleges that Respondents' application of the detention provisions have violated his or her rights, those claims should be heard in the context of an individual petition for a writ of habeas corpus. Because the Court lacks jurisdiction under Section 1252(f)(1) to issue the relief requested, Petitioner is unlikely to succeed on the merits of the Class Certification Motion.

B.     THE PROPOSED CLASS WILL BE UNABLE TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 23

Even assuming the Court has jurisdiction to issue class relief, Petitioner is unlikely to succeed on merits of the Class Certification Motion because the proposed class fails to satisfy the requirements of Fed. R. Civ. P. 23 governing class actions.  In the instant action, Petitioner seeks to certify a class defined as all immigration detainees in the custody of Immigration and Customs Enforcement ("ICE"), an investigative branch of DHS, at the El Centro Detention Facility as well as other detention facilities

07CV2237

1  in this District.  Class Certification Motion at 2.  To obtain class certification under Fed. R. Civ. P. 23,

2  the party seeking certification must satisfy all of the four factors in Rule 23(a), namely:

> (1) the class is so numerous that joinder of all members is impracticable ["numerosity"], (2) there are questions of law or fact common to the class ["commonality"], (3) the claims or defenses of the representative parties are typical of claims or defenses of the class ["typicality"], and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy of representation"].

7  Fed. R. Civ. P. 23(a).  In addition to these requirements, a court must find that the class satisfies at least

8  one requirement of Fed. R. Civ. P. 23(b).  Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001); Berry

9  v. Baca, 226 F.R.D. 398, 401-02 (C.D. Cal. 2005).

10  The party seeking class certification bears the burden of proof on all factors.  Zinser v. Accufix

11  Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).  Indeed, the failure to meet " . . . any one of

12  Rule 23's requirements destroys the alleged class action."  Rutledge v. Electric Hose & Rubber Co., 511

13  F.2d 668, 673 (9th Cir. 1975)); see also Nguyen Da Yen v. Kissinger, 70 F.R.D. 656 (N.D. Cal. 1976),

14  appeal dismissed as moot, 602 F.2d 925 (9th Cir. 1979).  The district court must conduct a rigorous

15  analysis to determine that the requirements of Rule 23 have been met.  Gen. Tel. Co. v. Falcon, 457 U.S.

16  147, 161 (1982).  If a court is not fully satisfied, the class should not be certified.  Id. In the face of these

17  obligations, the proposed class cannot satisfy the affirmative burdens for class certification.

18         1.      The Proposed Class Cannot Satisfy Rule 23(a)(2)'s Commonality Requirement

19  Rule 23(a)(2) requires that there be "questions of law or fact common to the class" prior to

20  certifying a case potentially suitable for class action.  "The commonality requirement is said to be met

21  if plaintiffs' grievances share a common question of law or of fact."  Armstrong v. Davis, 275 F.3d 849,

22  868 (9th Cir. 2001).  More specifically, "commonality focuses on the relationship of common facts and

23  legal issues among class members."  Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1342 (9th Cir. 2007).

24  Thus, the commonality requirement is satisfied "where the question of law linking the class members is

25  substantially related to the resolution of the litigation even though the individuals are not identically

26  situated." Smith v. University of Washington Law School, 2 F.Supp.2d 1324, 1342 (W.D. Wash. 1998)

27  (quoting Yslava v. Hughes Aircraft Co., 845 F.Supp. 705, 712 (D. Ariz.1993); see also Foreman v.

28  Heineman, 240 F.R.D. 456, 506 (D. Neb. 2007).  Here, it is clear that atypical questions of law and fact

07CV2237

1    apply to the proposed class and therefore the proposed class cannot satisfy the commonality requirement.

2    See Falcon, 457 U.S. at 155 (holding that the "class-action device" is "'particularly appropriate' when

3    the 'issues involved are common to the class as a whole' and when they 'turn on questions of law

4    applicable in the same manner to each member of the class.'") (quoting Califano v. Yamasaki, 442 U.S.

5    682, 701 (1979)).

6         Specifically, Petitioner cannot satisfy this particular prerequisite for class certification because

7    the proposed definition of the class fails to take into consideration that aliens are detained pursuant to

8    different statutory provisions that apply different legal standards in determining whether continued

9    detention is appropriate under the particular provision.[2/]  Due to the circumstances surrounding each

10   detainee's case, his or her detention will result in detention procedures specific to his or her case.  Also,

11   depending upon an agency determination and applicable law, it may be justified that one detainee is

12   detained for ten months, while another is detained for eight months.

13        For example, some members of the putative class may be held under Section 1231(a)(6), which

14   provides that certain aliens may be held beyond the normal 90-day removal period required under Section

15   1231(a)(2).  See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (noting that after the 90-day period, the

16   government "may" continue to detain an alien for a six-month "presumptively reasonable period of

17   detention.").  Release is not automatically mandated after the expiration of the six-month period, rather

18   it is dependent on the individual determination as to whether or not the alien's removal is reasonably

19   foreseeable. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must

20   be released after six months.  To the contrary, an alien may be held in confinement until it has been

21   determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

22   Alternatively, the putative class may involve the detention of an alien who is not yet subject to a final

23   removal order and who is lawfully and mandatorily under 8 U.S.C. § 1226(c) or aliens who are barred

24   from seeking habeas review because they have failed to exhaust their administrative and judicial

25   remedies before challenging government actions through the vehicle of a habeas petition. Castro-

26

27   _____

28        [2/]     These provisions include: (1) 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(2)(A), and
     (b)(1)(B)(iii)(IV), for arriving aliens not admitted to the United States, (2) 8 U.S.C. §§ 1226(a) and
     1226(c), for aliens detained pending a final administrative order of removal, and (3) 8 U.S.C.
     §§ 1231(a)(1), for aliens detained after an administratively final order of removal.

1  Cortez  v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).

2         The existence of issues involving these different facts and statutes argues against a systematic

3  imposition of "relief" as Petitioner requests.  Rather, an individualized review is necessary in order to

4  determine lawfulness under 28 U.S.C. § 2241 for each individual class member. Given the nature of the

5  putative class members' individual detention determinations and considerations, these causes of action

6  are fragmented and therefore ill-suited for declaratory and/or injunctive relief in the form of a class

7  action.[3]  Accordingly, the putative class does not aver a common set of factual or legal allegations.  See

8  Nguyen, 70 F.R.D. at 663 ("The common principles of 'due process' and 'liberty' . . . do not provide a

9  common question of law.").

10                2.    The Proposed Class Cannot Satisfy Rule 23(a)(3)'s Typicality Requirement

11        Petitioner likewise cannot demonstrate that "the claims or defenses of the representative parties

12  are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  "The test of typicality is

13  whether other members have the same or similar injury, whether the action is based on conduct which

14  is not unique to the named plaintiffs, and whether other class members have been injured by the same

15  conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) (internal quotation omitted).

16  See also Falcon, 457 U.S. at 156 ("We have repeatedly held that a class representative must be part of

17  the class and possess the same interest and suffer the same injury as the class member.") (internal

18  quotation omitted).  To this end, Petitioner cites his detention as being the sole course of conduct that ties

19  all other claims together in this case.  However, there is a clear disconnect between the Petitioner's claim

20  and each of the putative class members, as they are substantively dissimilar.  In particular, Petitioner has

21  been found to be an aggravated felon, and he continues to challenge whether he is an aggravated felon.

22  Government's Return at 2. The putative class members, on the other hand, could be individuals granted

23

24  _____

25        [3]        The Court should also note that of the individuals listed in the Class Certification Motion,
     at least two have pending habeas actions before this District Court. See Delgado v. Chertoff, No. 07-
26   1315 W-CAB (ICE ordered Petitioner, who is subject to a final removal order, released on bond but
     habeas proceeding remains pending); See Siverya-Garcia v. State of California, 08cv0018 H-NLS
27   (habeas proceeding involving Petitioner who has not yet exhausted administrative remedies). Another
     individual is pursuing an appeal of a denied habeas petition. See Carrera-Virula v. DHS, No. 08-55001
     (9th Cir. 2008) (district court in Carrera-Virula v. DHS, No. 07-0439-BEN denied habeas petition on
28   the basis that Petitioner's removal was reasonably foreseeable). Finally, Counsel has been informed that
     another individual, Antonio Damas Vizcarra, is no longer in custody and therefore any claims by this
     individual are moot.

07CV2237

1   asylum or withholding of removal by the agency, detainees who cannot be removed because their home

2   country delays the process, or detainees who seek to delay the process by not cooperating and providing

3   the paperwork necessary to be removed (8 U.S.C. § 1231(a)(1)(C)).  Given the discreet facts and law

4   attributable to each putative class member as discussed above, Petitioner cannot establish that his claims

5   are typical of the proposed class.

6           Further, "[t]ypicality . . . is [also] said to require that the claims of the class representatives be

7   typical of those of the class, and [is] to be 'satisfied when each class member's claim arises from the same

8   course of events, and each class member makes similar legal arguments to prove the defendant's

9   liability." Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001) (quoting Marisol v. Giuliani, 126 F.3d

10  372, 376 (2nd Cir.1997)).  Thus, "[i]n order to assert claims on behalf of a class, a named plaintiff must

11  have personally sustained or be in immediate danger of sustaining 'some direct injury as a result of the

12  challenged statute or official conduct.'" Id. at 860 (quoting O'Shea v. Littleton, 414 U.S. 488 (1974).

13  Here, Petitioner simply alleges that the Petitioner's claims and the claims of all class members all arise

14  from the same course of conduct of the Respondents -- wrongfully detaining lawful permanent residents.

15  Class Certification at 1.  This fails to take into consideration that the authority under which Petitioner was

16  detained prior to his release is not necessarily typical of every putative class member.  Because there is

17  no evidence that Petitioner's and putative class members' detention is caused by the same or similar

18  official conduct, Petitioner cannot establish that the Respondents' alleged wrongful conduct is the sole

19  and direct cause of harm to the named Petitioner and putative class members. Therefore, Petitioner cannot

20  satisfy his burden of demonstrating that his claims are typical of the claims of the class as a whole.

21                    3.      The Proposed Class Cannot Satisfy Rule 23(a)(4)'s Adequacy
                              of Representation Requirement

22

23          Petitioner also cannot demonstrate that he is an adequate representative of the class he purports

24  to represent.  See Fed. R. Civ. P. 23(a)(4).  A showing of adequate representation requires named

25  Plaintiffs in a putative class action to demonstrate that their claims and the class claims are so interrelated

26  that the interests of the class members will be fairly and adequately protected in their absence. Falcon,

27  457 U.S. at 158 n.13. "This factor requires: (1) that the proposed representative Plaintiffs do not have

28  conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and

    competent counsel." Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1233 (9th Cir. 2007).  As applied to the

                                                    6

1   instant case, Petitioner is unlikely to demonstrate how adjudication of his claims will fairly and

2   adequately protect the interest of the proposed class because, as discussed above, the particular facts of

3   Petitioner's detention prevent him from adequately representing the claims of a putative class member

4   who is otherwise detained under different circumstances.   See Fed. R. Civ. P. 23(a)(4).

5               4.      The Proposed Class Is Not Maintainable Under 23(b)(2)

6        Petitioner also fails to demonstrate that the proposed class is maintainable under one of the

7   paragraphs of Rule 23(b).   Here, on its face, Petitioner's cause of action is not maintainable under

8   subsection (b)(2), which applies if the "party opposing the class has acted or refused to act on grounds

9   generally applicable to the class, thereby making appropriate final injunctive relief or corresponding

10  declaratory relief with respect to the class as a whole."   Fed. R. Civ. P. 23(b)(2).   In light of the class

11  proposed by Petitioner and the explanation above, it cannot be said that Respondents have not acted (or

12  refused to act) on grounds applicable to the class as a whole.   Indeed, there were different reasons for

13  Petitioner's and putative class members' length of detention and, as explained above, the class

14  challenging Respondents' detention determinations presents several distinct legal claims.   See Nguyen,

15  at 6.   As such, Respondents' actions with respect to individuals challenging each of these policies would

16  not be "generally applicable" to the putative class as a whole.   See Fed. R. Civ. P. 23(b)(2).   Because

17  Petitioner cannot demonstrate that his proposed action will satisfy the additional requirements of Rule

18  23(b) or the Rule 23(a) requirements of commonality, typicality, and adequacy of representation

19  Petitioner is unlikely to succeed on the merits of his Class Certification Motion.

20                                    IV.

21                               CONCLUSION

22        For all of the foregoing reasons, Respondents do not take a position as to the Motion to Appoint

23  Counsel but submit that Petitioner is unlikely to succeed on the merits of his Class Certification Motion.

24        Dated: March 28, 2008                    Respectfully submitted,

25                                                 KAREN P. HEWITT
                                                   United States Attorney
26
                                                   s/ Raven M. Norris
27                                                 RAVEN M. NORRIS
                                                   Assistant U.S. Attorney
28                                                 Attorneys for Respondents
                                                   Email: Raven.Norris@usdoj.gov

07CV2237