# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE MARTINEZ-MADERA,<br><br>                    Petitioner,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; MICHAEL B. MUKASEY, Attorney General; JULIE L. MYERS, Assistant Secretary, Board of Immigration and Customs Enforcement (ICE); ROBIN BAKER, San Diego ICE-Field Office District Director; ROBERT G. RILLAMAS, Assistant ICE District Director–El Centro Field Office; JOEL MATA, Supervisor of Deportation Officers, El Centro Processing Center,<br><br>                    Respondents. | CASE NO. 07CV2237 JLS (WMc)<br><br>**ORDER (1) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS, (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL and (3) DENYING MOTION FOR CLASS CERTIFICATION**<br><br>(Doc. Nos. 14, 16, & 18) |

## BACKGROUND

On November 26, 2007, petitioner Juan Jose Martinez-Madera ("petitioner") challenged his ongoing detention by the Department of Homeland Security ("DHS") through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In an order to show cause why the petition should not be granted, the Court denied as moot petitioner's motion to proceed in forma pauperis and denied without prejudice petitioner's motion for appointment of counsel to

1  assist him in prosecuting the petition.  (Doc. No. 4.)  The petition has since been fully briefed.[1]
2  Before the respondents had filed their return, however, petitioner preemptively moved for class
3  certification on January 22, 2008.  (Doc. No. 18.)  Petitioner also renewed his motion for
4  appointment of counsel.  (Doc. No. 14.)  Along with these motions, petitioner attached a document
5  captioned "Legal Fee—Waiver Request," which the Clerk's Office construed as a renewed motion
6  to proceed in forma pauperis.  (Doc. No. 16.)

7        On March 14, 2008, the Court issued a second order to show cause why the Court should
8  not appoint counsel for petitioner on the class certification motion.  (Doc. No. 20.)  In their March
9  28, 2008 response, respondents declined to take a position on the motion for appointment of
10 counsel, citing Department of Justice policy, but "submit[ted] that Petitioner is unlikely to succeed
11 on the merits of his Class Certification Motion."  (Doc. No. 21.)

12       As more fully stated in the first order to show cause, the Court briefly repeats here the legal
13 standard governing motions for appointment of counsel.  District courts have the discretion to
14 appoint counsel for indigent persons in civil cases under "exceptional circumstances" or in the
15 "interests of justice."  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of
16 exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits
17 and the ability of the plaintiff to articulate [his] claims pro se in light of the complexity of the legal
18 issues involved.'  Neither of these issues is dispositive and both must be viewed together before
19 reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

20       The Court denied the previous motion to appoint counsel without prejudice because the
21 Court explicitly recognized class certification to be "a procedural maneuver that would make the
22 legal issues considerably more complex."  (Doc. No. 4, at 2.)  Furthermore, based on its own
23 research of these issues, the Court recognizes the precedent for certifying a class of habeas
24 petitioners.  See Ashmus v. Calderon, 935 F. Supp. 1048, 1054 (N.D. Cal. 1996), rev'd on other
25 grounds by Calderon v. Ashmus, 523 U.S. 740 (1998); Adderly v. Wainwright, 46 F.R.D. 97, 99
26 (M.D. Fla. 1968); see also Jackson v. Danberg, 240 F.R.D. 145, 149 (D. Del. 2007) (certifying
27 class of prisoners bringing § 1983 claim for alleged Eighth Amendment violation in administration
28

---

[1] The Court shall issue a written Order in due course on the merits of the petition.

of lethal injection); <u>Westefer v. Snyder</u>, 2006 WL 2639972, at *12 (S.D. Ill. Sept. 12, 2006) (certifying class of § 1983 plaintiffs whose transfer to a particular correctional facility allegedly violated First and Fourteenth Amendments). Indeed, the Court has found at least one instance where the district court appointed counsel to assist habeas petitioners in moving for class certification. <u>Perry v. Scibana</u>, 2004 WL 1447779, at *1 (W.D.Wis. June 18, 2004).

Nonetheless, in this particular case, the merits are so far aligned against the petitioner that neither appointment of counsel nor class certification is appropriate. Indeed, paragraph 5 of petitioner's motion for appointment of counsel states, "Petitioner is highly likely to succeed on the merits in his immigration case, because he is <u>not</u> <u>fighting</u> <u>a</u> <u>regular</u> <u>case</u> but a step-parent's derivative citizenship claim which could even set precedent if not at the 9th Circuit Court of Appeals then maybe at the Supreme Court[.]" (Doc. No. 14, at 2 (emphasis added).) Because of the self-professed uniqueness of petitioner's individual case, petitioner cannot carry his burden of satisfying at least two prongs of the class certification inquiry: typicality and adequacy of representation. See <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564 F.2d 1304, 1308 (9th Cir. 1977) (confirming that burden of proof lies with party seeking class certification); <u>W. States Wholesale, Inc. v. Synthetic Indus., Inc.</u>, 206 F.R.D. 271, 274 (C.D. Cal. 2002) (same). A class representative satisfies typicality when "'each class member makes similar legal arguments to prove the defendant's liability.'" <u>Armstrong v. Davis</u>, 275 F.3d 849, 868 (9th Cir. 2001) (quoting <u>Marisol v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir. 1997)). Because petitioner asserts that his legal arguments will be different/better from those of the typical detainee, petitioner cannot satisfy the typicality requirement. The adequate representation requirement holds that class representatives "must not have antagonistic or conflicting interests with the unnamed members of the class." <u>Lerwill v. Inflight Motion Pictures, Inc.</u>, 582 F.2d 507, 512 (9th Cir. 1978); <u>Kavu, Inc. v. Omnipak Corp.</u>, 246 F.R.D. 642, 648-49 (W.D. Wash. 2007). Here, petitioner's interest in making new law on derivative citizenship is antagonistic to and conflicting with the putative absent class members' interests in either merely securing their release from detention or litigating issues absent from petitioner's case.

In short, petitioner's admission that he is "not fighting a regular case" amounts to a failure

1  to allege the prerequisites of a class action and leaves petitioner with merely conclusory claims.
2  Under these circumstances, the law precludes the Court from certifying the class or appointing
3  counsel. See Miller v. Jordan, 2007 WL 2744551, at *1 (D. Kan. Sept. 18, 2007); Scott v. Reese,
4  2007 WL 1218764, at *1 (S.D. Miss. Apr. 23, 2007).

5  Also, petitioner fails to satisfy the commonality element for class certification because
6  petitioner only makes conclusory references to the fact that all putative class members are in DHS
7  detention and otherwise cites factors (such as poverty and illiteracy) which do not bear on the legal
8  merits of the § 2241 petition. Even if all putative class members are challenging the legality of
9  their detention, each individual case presents a specific set of factual circumstances and legal
10 arguments bearing on that detention. Therefore, the Court will not be able to identify one single
11 time frame, beyond which any putative class member must be released as a matter of law. For
12 example, petitioner is in "voluntary detention" because he has chosen to remain in custody rather
13 than pursue his petition for review of a removal order from outside the United States. (See Doc.
14 No. 10 (Return), at 2; Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir. 2004) (recognizing that court
15 may consider petition for review of a petitioner who has left the country).) Petitioner is differently
16 situated from those putative class members who remain in mandatory detention awaiting the
17 outcome of administrative proceedings.

18 Finally, respondents inform the Court that some of the detainees listed as putative class
19 members in petitioner's motion have already filed their own individual habeas petitions.
20 (Compare Doc. No. 18, at 2-3 with Doc. No. 21, at 5 n.2.) The prospect of allowing these
21 petitioners to pursue duplicative claims for relief would create jurisdictional problems that make
22 class certification inappropriate. See Rentschler v. Missouri, 2005 WL 3527303, at *2 (E.D. Mo.
23 Dec. 22, 2005) (refusing to certify class of § 2254 petitioners, where some putative class members
24 had already brought individual actions but did not have permission from the court of appeals to file
25 a second, successive petition).

26 For the reasons stated, the Court **DENIES** petitioner's motions for class certification and
27 appointment of counsel. To the extent that petitioner desired to renew his motion to proceed in
28

1  forma pauperis by submitting the document captioned "Legal Fee—Waiver Request,"[2] that motion
2  is again **DENIED AS MOOT** because petitioner paid the $5 filing fee with his petition and there
3  is no additional fee for filing motions as part of an open case.
4      IT IS SO ORDERED.

6  DATED: July 8, 2008

                                                  Honorable Janis L. Sammartino
                                                  United States District Judge

---

[2] The Court has also considered this document for purposes of establishing petitioner's indigency as part of his motion for appointment of counsel.